Willie **BURNS** and James A. Burns, Plaintiffs-Appellants,

v.

**ST. MARY MEDICAL CENTER** and Various **Employees of St. Mary Medical Center, whose true names are unknown, Defendants-Appellees.**

No. 45A03–8608–CV–00248.

Court of Appeals of Indiana, Third District.

March 12, 1987.

R. Cordell Funk, Funk & Foster, Hammond, for plaintiffs-appellants.

Rudy Lozano, Kathleen M. Maicher, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for defendants-appellees.

GARRARD, Presiding Judge.

The trial court entered a default judgment against appellants (Burns) for failure to answer interrogatories. Burns appeals claiming abuse of discretion.

The interrogatories were served on July 12, 1985. On August 21, 1985 Burns forwarded to defendants (medical center) some partial answers which were unsigned. *See* Indiana Rules of Procedure, Trial Rule 33(A). When nothing else was forthcoming the medical center on December 27, 1985 moved for an order compelling discovery. The matter was set for hearing for Febru-

ary 27, 1986. On March 3 the court ordered Burns to provide full and complete answers on or before March 15, 1986. The order notified Burns that "[a] failure to so act will result in a default judgment and dismissal of plaintiffs' claim."

During this entire period, and especially from March 3 to and including March 15, 1986 Burns filed no further answers to interrogatories, no objections to interrogatories and no request for any extension of time to file their answers. Nor have Burns advanced any reason why the interrogatories could not have been answered on or before March 15. Citing *Chrysler Corp. v. Reeves* (1980), Ind.App., 404 N.E.2d 1147 and *Noble v. Moistner* (1979), 180 Ind.App. 414, 388 N.E.2d 620 they nevertheless urge that it was an abuse of discretion for the court to default them without first imposing some lesser sanction. We disagree.

Initially, it must be noted that TR 37(B)(2), made applicable to the failure to answer interrogatories through TR 37(D), has been substantially rewritten since the decisions in *Chrysler* and *Noble.* The present version, applicable to Burns, simply provides in pertinent part that the sanction of entry of default judgment is available upon failure to answer interrogatories so long as that remedy is "just." TR 37(D). On appeal we cannot say the remedy was unjust where, as here, (1) the party was given an additional reasonable period within which to respond and was expressly warned in advance that default judgment would be entered if he failed to do so; and (2) no response or request for additional time was timely made and no reason excusing timely response is demonstrated. In addition, we believe the court's actions in granting a reasonable additional time for response with a warning of the proposed penalty if response still is not forthcoming satisfies the spirit of *Chrysler* and *Noble.*

There is, however, a defect in the instant proceeding which requires that we dismiss the appeal rather than affirm the judgment.

When the trial court entered the default judgment, Burns filed a single motion enti-

tled "Motion to Correct Errors and Motion to Set Aside." Hearing was held, the motion was denied and this appeal was then taken. Citing *Siebert Oxidermo v. Shields* (1983), Ind., 446 N.E.2d 332 the medical center urges that Burns have failed to follow the necessary procedure to appeal from entry of a default judgment. Burns filed no reply brief and, thus, have not addressed the argument.

In *Siebert Oxidermo* the Supreme Court surveyed the variety of appellate results occasioned by the overlap between Trial Rules 59 and 60 and the specification in TR 55(C) that a judgment by default may be set aside "for the grounds and in accordance with the provisions of Rule 60(B)." It concluded that uniformity was desirable and that the way to perfect an appeal from a default judgment was first file a TR 60(B) motion to have the default judgment set aside and after that motion is ruled upon, the aggrieved party should then file a TR 59 motion to correct errors. 446 N.E.2d at 337.

Trial Rule 55 draws no distinction between default judgments entered as discovery sanctions and those entered for other reasons. It is, of course, arguable that in the case before us filing a TR 59 motion following the denial of what the court properly treated as Burns' TR 60 motion was not necessary to enable either the trial court or this court to be apprised of or fully informed concerning the grounds being asserted for relief.

That observation was equally true, however, concerning some of the prior decisions of this court expressly overruled in *Siebert Oxidermo. See, e.g., Pre-Finished Moulding v. Ins. Guidance Corp.* (1982), Ind.App., 438 N.E.2d 16, 19.

Our courts should work to make our procedural rules operate intelligently and practically. On the other hand, they should also operate predictably and, at times, clarity and predictability outweigh other interests. That the Supreme Court might have chosen a different approach in *Siebert Oxi-*

*dermo* is not the point. It chose a rule for uniform application and clearly announced it.

The appellants herein had filed no motion to correct errors to the ruling on their TR 60 motion before commencing this appeal.[1] Therefore, there is no appealable order. AP 4(A).

The appeal is dismissed.

HOFFMAN and YOUNG, JJ., concur.

---

1. We assume, but do not know, that no TR 59 motion was filed within the mandatory 60 days following the ruling on the TR 60(B) motion.