Jack E. LEE, Appellant
(Plaintiff Below),

v.

James R. HAWTHORNE and Marianne
Hawthorne, Appellees
(Defendants Below).

No. 43A03–8610–CV–298.

Court of Appeals of Indiana,
Third District.

Dec. 21, 1987.

Thomas W. Earhart, Reed & Earhart, Warsaw, for appellant.

Milo W. Lightfoot, Warsaw, for appellees.

HOFFMAN, Judge.

Jack E. Lee (Lee) appeals from the Kosciusko Circuit Court's order setting aside a partial default judgment against James R. Hawthorne and Marianne Hawthorne (Hawthornes). The sequence of events that led to this appeal is as follows: This case began as an action for a dissolution of a partnership between Jack E. Lee and James R. Hawthorne. Lee's complaint was later amended to include allegations regarding a promissory note and to add Marianne Hawthorne as an additional defendant. On August 2, 1985, the Hawthornes failed to appear at a scheduled pre-trial conference where the trial court struck the Hawthornes' answer and defaulted them. On that same day, Lee obtained partial judgment by default on the portion of his complaint alleging non-payment of the promissory note. On October 7, 1985, the trial court ordered that the partial judgment of default be made a final judgment.

On November 5, 1985, the Hawthornes filed a motion to set aside the judgment of default, which motion was entitled "Motion to Correct Errors." The trial court granted the Hawthornes' motion on December 4, 1985 and at the same time the judge disqualified himself from the case because of prior dealings with the parties. Lee on December 18, 1985 filed a Motion to Correct Errors which was granted by the judge, who then ordered that the December 4, 1985 grant of the Hawthornes' motion be set aside and the Hawthornes' motion be reheard by the special judge newly assigned to the case.

The special judge heard argument on the Hawthornes' motion filed November 5, 1985 and, on September 9, 1986, the special judge granted the Hawthornes' motion and set aside the partial default judgment previously entered. The record submitted on

appeal shows no motion to correct errors filed by Lee after the September 9, 1986 ruling.

■ It is because Lee filed no motion to correct errors from the September 9, 1986 ruling that this appeal must be dismissed. Despite its self-characterization as a "Motion to Correct Errors," the Hawthornes' November 5, 1985 motion to set aside the default judgment is properly treated as a Trial Rule 60(B) motion. *See, Burns v. St. Mary Medical Center* (1987), Ind.App., 504 N.E.2d 1038, 1040. In *Siebert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332, the Indiana Supreme Court cleared up years of confusion and conflict among the districts of the Court of Appeals regarding the correct procedure for appealing from an adverse ruling on a T.R. 60(B) motion. The Supreme Court in *Siebert Oxidermo* held that, in order to preserve the issue for appellate review, the aggrieved party must file a Trial Rule 59 motion to correct errors after the trial court has ruled on the T.R. 60(B) motion. 446 N.E.2d at 337. A default judgment may only be attacked by a T.R. 60(B) motion and thus cannot be attacked by a T.R. 59 motion to correct errors.

■ Lee's December 18, 1985 motion to correct errors is not a fulfillment of the *Siebert Oxidermo* requirement for purposes of this appeal. Lee's December 18, 1985 motion to correct errors was addressed to the original trial court judge's December 4, 1985 ruling and was in fact granted in that the judge vacated his ruling in favor of allowing the special judge to rule on the Hawthornes' November 5, 1985 motion. The ruling at issue in this appeal is the September 9, 1986 order by the special judge granting the Hawthornes' motion to vacate the default judgment. Since Lee failed to file a T.R. 59 motion to correct errors from that ruling as required by *Siebert Oxidermo, supra,* any potential error was not preserved and this appeal must be dismissed.

Appeal dismissed.

GARRARD, P.J., concurs with opinion.

SULLIVAN, J., dissents with opinion.

GARRARD, Presiding Judge, concurring.

I agree our disposition is controlled by the Supreme Court's decision in *Siebert Oxidermo v. Shields* (1983), Ind., 446 N.E. 2d 332. *See Burns v. St. Mary Medical Center* (1987), Ind.App., 504 N.E.2d 1038.

I therefore concur.

SULLIVAN, Judge, dissenting.

In *Siebert Oxidermo, Inc. v. Shields* (1983) Ind., 446 N.E.2d 332, our Supreme Court made a valiant effort to solve then existing problems presented by the confusion and overlap of Ind. Rules of Procedure, Trial Rule 59 and Trial Rule 60, specifically with regard to defaults. The decision, however, did not anticipate and did not provide in its holding the solution to other problems which have arisen with regard to the two rules. The case before us is such an instance.

In the *Siebert* case, and in *Burns v. St. Mary Medical Center* (1987) 3d Dist.Ind. App., 504 N.E.2d 1038, as well, the motions for relief were denied. The party attacking the judgment in each case was therefore required to perfect the appeal. In the case before us, the trial court granted the motion for relief and set aside the judgment. In such circumstance, when the trial court accepts the motion as a Motion to Correct Errors and grants the relief sought by setting aside the judgment, it would seem that the party seeking to uphold the judgment should be entitled to take a direct appeal pursuant to T.R. 59 (F).[1] As suggested in *Burns v. St. Mary Medical Center, supra,* however, the *Siebert* holding would appear to not permit such a course of action. The binding effect of *Siebert* was well stated in *Burns* as follows:

"Our courts should work to make our procedural rules operate intelligently and

---

1. T.R. 59(F) provides:
   "A party who is prejudiced by any modification or setting aside of a final judgment or an appealable final order following the filing of a motion to correct error may appeal that ruling without filing a motion to correct error."

practically. On the other hand, they should also operate predictably and, at times, clarity and predictability outweigh other interests. That the Supreme Court might have chosen a different approach in *Siebert Oxidermo* is not the point. It chose a rule for uniform application and clearly announced it." 504 N.E.2d at 1040.

Accordingly, even were I disposed to do so, I could not premise a dissent upon any disagreement I might have with a particular application of the *Siebert* rule. Rather, I dissent because I do not believe the *Siebert* rule required that Jack Lee file a Motion to Correct Errors directed to the setting aside of the judgment in question.

Although the judgment which is the focal point of this appeal was entered as a result of a default on the part of the Hawthornes, it is nevertheless a judgment entered pursuant to T.R. 54 (B).[2] When, as here, the trial court expressly determines that there is no just reason for delay and expressly directs entry of judgment, that judgment is final and appealable as any other final judgment, i.e., by first filing a Motion to Correct Errors. This is precisely the course followed by the Hawthornes. When the trial court in that setting granted the relief requested, T.R. 59(F) became applicable.

In my view, Lee has correctly and timely perfected his appeal from the setting aside of the judgment. We should consider the merits of his argument for reinstatement of the judgment.

---

**2.** T.R. 54(B) provides:

"(B) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final."