Cecilia **WOZNIAK**, Sophia McGinnis, **Appellants–Plaintiffs,**

v.

**NORTHERN INDIANA PUBLIC SERVICE COMPANY,** **Appellee–Defendant.**

**No. 37A03–9301–CV–25.**

Court of Appeals of Indiana, Third District.

Sept. 15, 1993.

William S. Spangler, Crown Point, for appellants-plaintiffs.

David C. Jensen, Robert J. Feldt, Lyle R. Hardman, Eichhorn, Eichhorn & Link, Hammond, for appellee-defendant.

GARRARD, Judge.

Cecilia Wozniak (Wozniak) and Sophia McGinnis (McGinnis) appeal the dismissal of their individual actions against Northern Indiana Public Service Company (NIPSCO). These cases have been consolidated for appeal.

The facts reveal that, on July 1, 1990, McGinnis was driving her car southbound on Grant Street in Gary, Indiana, when she lost control of her vehicle and collided with a utility pole owned and maintained by NIPSCO. McGinnis and Wozniak, a passenger in the car, both sustained injuries.

McGinnis and Wozniak filed separate personal injury suits against NIPSCO on April 15, 1991, alleging negligence on the part of NIPSCO in failing to maintain electrical wires. McGinnis and Wozniak specifically claim that high tension cables fell onto the car that McGinnis was driving, causing her to lose control of her car in an effort to avoid colliding with the wires.

During the course of discovery, attorneys for NIPSCO served a request for interrogatories on counsel for McGinnis and Wozniak. The request was served on April 25, 1991. As of December 3, 1991, NIPSCO had not received any response to these requests. NIPSCO contacted opposing counsel several times between December 3, 1991, and January 20, 1992, but without success. At a January 29, 1992 status

conference, NIPSCO advised the court of this delinquency and the court permitted additional time for discovery.

After a series of delinquencies and failed attempts to compel plaintiffs to comply with various discovery requests and orders, NIPSCO filed a motion to dismiss under Trial Rule 37. The trial court denied NIPSCO's motion to dismiss on May 6, 1992, but cautioned plaintiff's counsel and ordered compliance and payment of attorneys' fees and reasonable expenses incurred by NIPSCO in preparing the discovery motions filed by NIPSCO. After further problems in the discovery process, NIPSCO filed a second motion to dismiss on June 18, 1992. On August 5, 1992, the trial court held a hearing on this motion at which plaintiffs and their counsel failed to appear. As a result of the hearing, the trial court dismissed both lawsuits with prejudice, finding that McGinnis and Wozniak had blatantly and deliberately violated it's prior discovery orders.

On August 21, 1992, McGinnis and Wozniak both filed a motion to set aside the court order dismissing their lawsuits. Both allege that the Clerk of the Jasper Superior Court failed to furnish them with notice of the August 5 hearing. The trial judge then scheduled another hearing on the issue which took place on October 20, 1992. With all sides present and after arguments on the merits, the trial judge affirmed the August 5 dismissal stating that:

The Court having heard the argument of counsel and being duly advised now finds that counsel for the Plaintiff was not notified of the date that the Defendant's Motion to Dismiss Pursuant to Trial Rule 37 and Plaintiff's Motion to Compel Discovery and for Sanctions was scheduled for hearing, and that Attorney Spangler's absence at said meeting was not willful.

However, the Court did not grant the Defendant's Motion to Dismiss Pursuant to Trial Rule 37 based on the absence of Mr. Spangler, and therefore finds that this Court's Order dated August 5, 1992 wherein the above-entitled matter was

dismissed shall remain in full force and effect. (MR. 542–43, WR. 424–25).

McGinnis and Wozniak appeal the trial court's dismissal of their lawsuits on two grounds which we consolidate and restate as:

Did the trial court err in granting NIPSCO's motion to dismiss under Trial Rule 37 for plaintiffs' blatant and deliberate violations of it's discovery orders.

Indiana Trial Rule 37(B)(2) permits a trial court to sanction litigants for failure to comply with discovery orders:

If a party or an officer, director, or managing agent of a party or an organization ... fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

.    .    .    .    .

(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Whether to impose the sanction of dismissal for refusal to comply with discovery orders is a matter for the trial court's discretion. *Nesses v. Specialty Connectors Co., Inc.* (1990), Ind.App., 564 N.E.2d 322, 327. Indiana does not require that trial courts impose lesser sanctions before applying the ultimate sanction of dismissal or default judgment. *Id.* We review such decisions only for abuse of discretion. *Mulroe v. Angerman* (1986), Ind.App., 492 N.E.2d 1077, 1079.

In addition, Trial Rule 37(D) specifically grants to trial courts the authority to sanction a party by dismissal where that party has (1) failed to appear before the officer who is to take his deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for

inspection submitted under Rule 34, after proper service of the request. TR 37(D). Sanctions available under this rule are available so long as the remedy imposed is "just." TR 37(D). We will not say that the remedy was unjust where (1) the party in question was given additional time within which to respond and was expressly warned in advance that an ultimate sanction would be entered if he failed to comply, and (2) no response or request for additional time was timely made and no reason excusing a timely response is demonstrated. *See Burns v. St. Mary Medical Center* (1987), Ind.App., 504 N.E.2d 1038, 1039.

■ In this case, the trial court did not abuse its discretion in dismissing McGinnis' and Wozniak's claims. After considerable delay on the part of plaintiffs in responding to NIPSCO's initial discovery requests, the court entered the following order:

> The Court orders the Plaintiff[s], [Sophia McGinnis and Cecilia Wozniak], to fully respond to the Defendant, Northern Indiana Public Service Company's April 25, 1991 Interrogatories 22, 23 and 37 and Request for Production of Documents within 7 (seven) days of this Order. The Plaintiff[s]' failure to comply with this Order may result in the dismissal with prejudice of [their] Complaint[s] and the assessment of costs and attorneys fees against [them] and in favor of Northern Indiana as to any subsequent motion pursuant to Indiana Trial Rule 37(B) which Northern Indiana is caused to file by [their] failure to comply with this order. (MR. 20, WSR. 43).

This order gave plaintiffs additional time and opportunity to comply with the discovery requests tendered by NIPSCO. It also served plaintiffs with ample warning of the potential consequences of failing to comply.

After further noncompliance and incomplete responses by plaintiffs, NIPSCO filed a motion to dismiss. On May 6, 1992, the trial court again ordered compliance and also ordered plaintiffs to pay NIPSCO's expenses incurred because of plaintiffs' failure to comply with NIPSCO's discovery requests. The court then entered this order:

> The Court ORDERS the following sanctions:
>
> 1. Court finds that dismissal of Plaintiffs' complaints is a drastic measure and will be done only when the discovery orders are shown to be blatantly and deliberately violated.
>
> 2. Therefore, the Court amends the Case Management Schedule and makes these specific changes and ORDERS Plaintiffs to comply or the accumulated pattern of noncompliance can easily be shown by Defendant's counsel to be such a blatant and deliberate violation as required by law.
>
> . . . .
>
> Any deviation from this schedule will be further evidence of the plaintiffs' blatant and deliberate violation of this Court's orders and if further Sanctions are necessary, the Court will seriously consider dismissal of the Plaintiffs' complaints. (MR. 183–84, WR. 160–61).

Finally on June 18, 1992, after further noncompliance on the part of plaintiffs, NIPSCO filed a second motion to dismiss pursuant to TR 37(B). On August 5, 1992, the trial court held a hearing on this motion at which plaintiffs and their counsel failed to appear. As a result of the hearing, the trial court dismissed both lawsuits with prejudice, finding that McGinnis and Wozniak had blatantly and deliberately violated it's prior discovery orders.

After careful review of the record, we find no abuse of discretion on the part of the trial judge. Plaintiffs and their counsel were given ample opportunity to comply with NIPSCO's various discovery requests and were warned on several occasions that their behavior, incomplete answers, and general lack of cooperation in executing discovery may result in an order of dismissal. Plaintiffs assert again and again that they had complied with every order and request for discovery tendered by the court or by NIPSCO. We cannot understand how plaintiffs can realistically make such assertions. The record is replete with in-

stances of noncompliance and incomplete compliance. From our reading of the record, the trial judge was well within the bounds of her discretion in issuing this sanction.

 McGinnis and Wozniak next assert that the trial judge erred in granting NIPSCO's motion to dismiss at the August 5, 1992 hearing when they were not present. Plaintiffs allege that the Clerk of the Jasper Superior Court failed to furnish them with notice of the hearing and that this error requires that the dismissal be set aside.

The trial judge scheduled a hearing on this issue for October 20, 1992. All parties were present and arguments were heard on the issue of notice and subsequently on the merits of NIPSCO's motion to dismiss. The trial judge then affirmed her previous order of dismissal stating that:

> The Court having heard the argument of counsel and being duly advised now finds that counsel for the Plaintiff was not notified of the date that the Defendants' Motion to Dismiss Pursuant to Trial Rule 37 and Plaintiff's Motion to Compel Discovery and for Sanctions was scheduled for hearing, and that Attorney Spangler's absence at said meeting was not willful.

> However, the Court did not grant the Defendant's Motion to Dismiss Pursuant to Trial Rule 37 based on the absence of Mr. Spangler, and therefore finds that this Court's Order dated August 5, 1992 wherein the above-entitled matter was dismissed shall remain in full force and effect. (MR. 542–43, WR. 424–25).

In order to set aside the dismissal in this case, plaintiffs must, at the very least, demonstrate that the actions of the trial court injured or prejudiced them in some way. *See Castillo v. Ruggiero* (1990), Ind. App., 562 N.E.2d 446, 450, *trans. denied.* Specifically plaintiffs argue that the dismissal was granted *ex parte* denying them, we presume, an opportunity to present a defense to the motion. Plaintiffs were, however, given ample opportunity to make such a defense at the October 20, 1992 hearing. They were specifically informed that, if the trial judge found that notice to plaintiffs was defective, a hearing on the merits of NIPSCO's motion to dismiss would take place immediately. Counsel for plaintiffs acknowledged that this was the purpose of the meeting and was in attendance, presenting arguments to the trial court on both the issue of notice and the merits of NIPSCO's motion to dismiss. Under these facts we discern no prejudice that has accrued to plaintiffs as a result of any defective notice regarding the August 5, 1992 hearing nor have plaintiffs brought any to our attention. The trial judge committed no error in this case.

For the foregoing reasons the judgment of the trial court is affirmed.

CONOVER and RUCKER, JJ., concur.