**Rufus DREW, Appellant–Plaintiff,**

**v.**

**QUANTUM SYSTEMS, INC., Appellee–Defendant.**

No. 93A02–9507–EX–381.

Court of Appeals of Indiana.

Feb. 21, 1996.

Rehearing Denied April 23, 1996.

Donald E. Wertheimer, South Bend, for appellant.

Sharon Funcheon Murphy, Lulich Murphy & Dowling, Indianapolis, for appellee.

**OPINION**

BARTEAU, Judge.

Rufus Drew appeals the Worker's Compensation Board's dismissal of his application for benefits, raising two issues which we consolidate as whether the Board abused its discretion in dismissing Drew's claim. We affirm.

*FACTS*

Drew filed an application for benefits with the Board on April 9, 1992, following an injury he received while working for Quantum Systems, Inc. The Board set the claim for hearing on December 2, 1992 and on April 27, 1993, but both dates were continued upon Drew's request. Quantum served Drew with interrogatories and a request for production of documents on October 25, 1993.

After not receiving any response from Drew, Quantum moved for an order to compel discovery on February 22, 1994. The Board granted the motion to compel and ordered Drew to answer the interrogatories by April 15, 1994. Drew did not respond to this order nor seek an extension of time. Consequently, on May 11, 1994, Quantum filed a motion to dismiss the claim for lack of prosecution. On May 31, 1994, the Board ordered the claim dismissed, but gave Drew twenty (20) days to show why the order to dismiss should be set aside.

Drew filed a motion to set aside the order on June 22 and represented in the motion that the interrogatories would be answered within two weeks. On July 7, the Board requested Quantum to advise the Board whether answers had been received. On July 22, Quantum responded that it had not yet received answers from Drew. Drew finally filed answers to interrogatories on August 16, 1994, almost eight months after they were originally due and four months after they were due under the order compelling discovery. The Board held a hearing on Drew's motion to set aside the order dismissing his claim and denied the motion on January 5, 1995.

## DECISION

■ Drew argues initially that the Board does not have the authority to dismiss a claim for failure to prosecute, but then concedes that the Board has the authority to dismiss a claim as a sanction for not complying with discovery orders. His brief focuses on the issue whether the Board abused its discretion in dismissing his claim.

■ We agree that the Board has the authority to dismiss a claim as a sanction for not complying with discovery orders. It is well-established that the Board has the authority to order parties to comply with discovery requests. Ind. Trial Rule 37, providing for orders compelling discovery, is applicable to Board proceedings. Ind. Trial Rule 28(F); *Josam Mfg. Co. v. Ross,* 428 N.E.2d 74, 77 (Ind.Ct.App.1981); *see also* 631 IAC 1–1–3 (1992) ("the industrial board incorporates by reference ... Trial Rules 26 through 37"). Available sanctions for failure to comply with discovery orders under T.R. 37 include dismissing the action. T.R. 37(B)(2)(c). Thus, the parties are correct that the Board has the authority to dismiss a claim as a sanction for failure to comply with a discovery order.

■ Drew argues that the Board abused its discretion in dismissing his claim because there is not a "long history of evasion and refusal to answer interrogatories" and Drew has provided the requested information. Appellant's Brief, p. 10. Whether to impose the sanction of dismissal for refusal to comply with discovery orders is a matter for the trial court's discretion. *Wozniak v. Northern Indiana Public Service,* 620 N.E.2d 33, 35 (Ind.Ct.App.1993), *trans. denied.* Likewise, it is a matter for the Board's discretion in proceedings before it. Indiana does not require the imposition of lesser sanctions before dismissing the action or claim. *Id.* Trial Rule 37 only requires that the sanction be just. Dismissal is not unjust where (1) the party was given additional time within which to respond and was expressly warned that failure to comply would result in dismissal, and (2) no response or motion for additional time was timely made and no reason excusing a timely response is demonstrated. *Id.* at 36 (citing *Burns v. St. Mary Medical Center,* 504 N.E.2d 1038, 1039 (Ind.Ct.App. 1987)).

Here, Drew was served with interrogatories on October 25, 1993. Quantum filed a motion to compel on February 22, 1994 after receiving no response. The Board granted the motion and ordered Drew to respond by April 15, 1994. Drew did not do so and did not ask for an extension of time. On May 31, 1994, the Board granted Quantum's motion to dismiss, but gave Drew twenty days to show why the order to dismiss should be set aside. Drew filed his motion to set aside twenty-two days later and represented that the interrogatories would be answered within two weeks. Two weeks later the Board inquired whether the interrogatories had been answered. On July 22, Quantum notified the Board that Drew had not answered them. Drew did not answer the interrogatories until August 16, 1994.

Drew failed to respond to the interrogatories in a timely manner even when faced with a dismissal, and even after representing that the answers would be filed within two weeks. The Board did not abuse its discretion in dismissing Drew's claim.

Affirmed.

RUCKER and SULLIVAN, JJ., concur.