**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS J. GAUNT**
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**CHRISTINE RIESNER BOND**
McNeely Stephenson Thopy & Harrold
Shelbyville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| PATRICK R. TAYLOR, )<br>)<br>Appellant-Plaintiff, )<br>)<br>vs. )<br>)<br>JASON EVANS, CURTIS EVANS, )<br>and CHRYSTAL EVANS )<br>)<br>Appellees-Defendants. ) | No. 49A02-1303-CT-195 |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
Cause No. 49D06-0612-CT-49915

**April 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Plaintiff Patrick R. Taylor appeals the trial court's dismissal of this personal injury action for failure to comply with its discovery order. On February 15, 2007, Appellees-Defendants Jason, Curtis, and Chrystal Evans served Taylor with interrogatories and requests for production of documents, including medical bills associated with Taylor's alleged injuries. Health issues persistently prevented Taylor from responding to the Evanses' discovery requests, and, on August 24, 2007, the trial court granted a motion to compel Taylor's responses. When Taylor finally responded on January 31, 2008, he did not include any medical bills associated with his alleged injuries.

Over four years later, on April 18, 2012, the Evanses notified Taylor that his January 31, 2008 discovery responses were incomplete and requested that he produce medical bills associated with his alleged injuries. Nearly seven months later and despite two reminders from the Evanses, Taylor produced no medical bills associated with his alleged injuries. On November 9, 2012, the Evanses filed a Trial Rule 37 motion to dismiss for failure to comply with a discovery order, which motion the trial court granted. Taylor argues that the trial court abused its discretion in dismissing his complaint, claiming (1) he substantially complied with the trial court's discovery order, (2) the Evanses waived their challenge to his non-compliance, and (3) the sanction of dismissal is unjust. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On December 11, 2006, Taylor *pro se* filed a complaint for damages against the Evanses, alleging their negligence caused a motor vehicle accident in December of 2004 in which Taylor suffered personal injury. On February 15, 2007, the Evanses, by counsel

2

Kyle Baker, served Taylor with interrogatories and requests for production of documents. The Evanses answered Taylor's complaint on February 22, 2007.

On March 23, 2007, having received no response from Taylor, counsel for the Evanses sent Taylor a letter of inquiry regarding the status of the Evanses' discovery requests. On April 16, 2007, Taylor replied to the Evanses' inquiry, explaining that health issues had been preventing him from responding to their discovery requests but that he would respond promptly after meeting with his attorney later that week. Counsel for the Evanses sent Taylor additional letters of inquiry on May 15 and 31, 2007, still having not received Taylor's discovery responses. Taylor replied to counsel for the Evanses on June 5, 2007, again asserting that health issues were preventing him from responding to the Evanses' discovery requests. On June 13, 2007, counsel for the Evanses notified Taylor that if he did not respond to the Evanses' discovery requests by August 15, 2007, they would file a motion to compel with the trial court.

On August 15, 2007, Taylor notified counsel for the Evanses that health issues were still preventing him from responding to the Evanses' discovery requests but that he should be able to respond by September 15, 2007. On August 16, 2007, the Evanses filed a motion to compel Taylor's responses. The trial court granted the Evanses' motion on August 24, 2007, and ordered Taylor to "furnish Defendants' counsel Answers to Interrogatories and Responses to Requests for Production of Documents within 15 days…." Appellees' App. p. 36.

On December 17, 2007—115 days after the trial court issued its discovery order—Taylor notified counsel for the Evanses that health issues continued to prevent him from

3

responding to the Evanses' discovery requests.  On December 21, 2007, the Evanses filed

a Trial Rule 41(E) motion to dismiss for failure to prosecute.  A hearing on the Evanses'

motion was scheduled for February 1, 2008, on the eve of which Taylor finally submitted

his discovery responses.  Following the February 1, 2008 hearing, the trial court denied the

Evanses' motion to dismiss but ordered Taylor to "answer discovery, submit to deposition

and move case along." Appellant's App. p. 3.

At issue in this appeal are the following discovery requests and Taylor's responses

thereto:

> [Request:] Please list all injuries or damages that you have allegedly
> sustained by reason of the accident which gave rise to this lawsuit.  This list
> should not only include all physical injuries and damages, but also any
> related injuries such as emotional, psychological, etc.

Appellees' Br. p. 4

> [Response:]  Originally after the accident I thought that I had sustained prior
> neck injuries but subsequently had numbness and tingling in my right upper
> thigh.  I might also have suffered some depression as a result of the trauma
> of the unexpected impact while the plaintiff was seated helplessly in the
> passenger side front seat of the vehicle owned and operated by Joan T.
> Whittaker.

Appellees' App. 46.

> [Request:]  Copies of medical bills, documents or writings which establish,
> verify, or show amounts of money expended or lost by Plaintiff, Patrick R.
> Taylor, as a result of the incident referred to in the Complaint.

> [Response:]  SEE SELF EXPLAINING DOCUMENTS.

Appellees' App. p. 41.  Attached to Taylor's responses to requests for production of

documents were "a total of four (4) medical bills from the year 2007 from the following

providers:  Two EOBs from Advantage Preferred Plus regarding lab work and an EKG

performed at St. Francis Hospital; Indiana Heart Physicians; and Urology of Indiana."[1] Appellees' Br. p. 3. Taylor also produced a signed authorization for the release of his medical records to the Evanses.

On August 1, 2008, Taylor filed a motion for continuance of a pre-trial conference scheduled for August 21, 2008, citing the then-recently recognized possibility that the December 2004 motor vehicle accident had caused memory loss, which Taylor alleged he had been experiencing since the accident. In his motion, Taylor advised that he had been examined by a neurologist, who recommended that Taylor undergo an MRI, and that an MRI and a follow up appointment with the neurologist had been scheduled. The trial court granted Taylor's motion on August 6, 2008.

On May 15, 2009, the Evanses filed a motion to compel Taylor's deposition, which motion the trial court granted. Taylor was partially deposed on June 29, 2009. Attorney James Kelly filed an appearance for Taylor on July 1, 2009, and, on July 2, 2009, attorney Katherine Petrilia filed an appearance as substitute counsel for the Evanses. Taylor's deposition was continued on January 14, 2010.

On July 12, 2010, counsel for the Evanses contacted counsel for Taylor seeking certain documents necessary to establish the existence of any Medicare liens associated with Taylor's complaint. "Counsel for [the Evanses] was advised at that time that no documents would be completed by [Taylor] until a settlement was reached." Appellees'

---

[1] The health issues that prevented Taylor's timely discovery responses were mostly heart-related and required a December 19, 2007 cardioversion at St. Francis Hospital "after first having laser prostate surgery to eliminate certain medicines that may have caused [an] earlierly [sic] failed cardioversion…." Appellant's App. p. 89.

App. p. 11. On March 1, 2011, attorney Brett Hacker filed an appearance as substitute counsel for the Evanses. That same day, having received no contact from Taylor since July 12, 2010, the Evanses filed a second Trial Rule 41(E) motion to dismiss for failure to prosecute.

On August 9, 2011, Taylor filed a motion for partial summary judgment. A hearing was held on November 7, 2011, after which the trial court denied Taylor's motion. Also following the hearing, a discussion was held regarding Taylor's failure to produce documentation of medical expenses. The trial court subsequently entered a minute entry stating: "Discussion held re: damages & proof thereof—parties to work out damages issue, if necessary mediation with Bob Geddes. Parties given 4 months from today to resolve case."[2] Appellant's App. p. 60.

On January 3, 2012, attorney Aaron Reed filed an appearance as substitute counsel for the Evanses, and attorney Christine Reisner did the same on March 8, 2012. On April 18, 2012, counsel for the Evanses contacted counsel for Taylor, stating:

> It is my understanding that following a hearing on … November 7, 2011, a request was made … that you specifically identify the injuries, medical treatment, and expenses which [Taylor] relates to the December 2004 motor vehicle accident. Our file notes indicate that the Judge indicated you would have up to four months to accomplish this task.
> [I]t is imperative that you provide the information discussed at the November 2011 hearing.

Appellees' App. p. 50. Counsel for Taylor replied on April 19, 2012, advising that Taylor

---

[2] The parties dispute whether this discussion and minute entry stem from the Evanses' March 1, 2011 motion to dismiss. Resolution of this factual dispute has no bearing on our decision in this matter, but we note that there is no entry in Chronological Case Summary regarding a hearing or ruling on the Evanses' motion.

had been examined by a neurologist on April 9, 2012, and that further neurological tests were scheduled for April 24 through 26, 2012.

On August 9, 2012, counsel for Taylor provided counsel for the Evanses with a May 9, 2012 neurological report, which diagnosed the cause of Taylor's alleged memory loss as "sustained traumatic brain injury, postconcussive state without full recovery, and an anterograde amnestic disorder, also likely a consequence of his head injury." Appellees' App. p. 55. On September 6, 2012, counsel for the Evanses sent counsel for Taylor a letter stating:

> While I appreciate the additional report provided, you have still failed to identify the specific injuries, medical treatment and specific medical expenses which your client relates to the December 2004, motor vehicle accident. … Therefore, pursuant to Indiana Trial Rules 26 and 37, if I have not received substantial compliance to our repeated discovery requests by noon on September 28, 2012, I will be forced to file the attached Motion to dismiss and supporting Memorandum.

Appellees' App. p. 58. Counsel for Taylor replied on September 20, 2012, directing the Evanses to Taylor's January 31, 2008 discovery responses; July 29, 2009 and January 14, 2010 deposition testimony; and May 9, 2012 neurological report as evidence of Taylor's compliance with discovery.

On September 28, 2012, counsel for the Evanses sent counsel for Taylor a letter, stating, in relevant part:

> Please allow this letter to confirm our recent conversation regarding the current discovery dispute, as well as a formal response to your letter dated September 20, 2012.
> As I explained on the phone the discovery requests and subsequent letters from me have specifically requested you specify exactly which injuries, illnesses, and/or any other medical treatment that your client is claiming as a result of the motor vehicle accident as opposed to something

7

else. In addition, we have requested you provide us with medical bills, or at least dates of service that you are also relating to this accident, as opposed to something else.

I have agreed not to file any motions with the court for an additional 45 days to allow you to comply with our discovery requests. However, if we have not received this information within the next 45 days, I will be forced to seek court intervention.

Appellees' App. p. 61.

On November 8, 2012, counsel for Taylor contacted counsel for the Evanses and expressed the following:

First, Co-payments to medical providers are much of the out-of-pocket expense and difficult to identify over a long time. I understand bills for treatment were sent, as customary, to insurors with contractual discounts made before providers are paid. I have not received a notice of subrogation interest from any of Plaintiff's insurance carriers.

Second, Document material is great. Mr. Taylor has medical conditions related to the accident which interfere with comprehensive review. I understand the problem gleaning record that apply to this injury from those produced in November 2008….

Third, Taylor is in the process, as requested, of identifying relevant material. Matching treatment expense with bills, as requested, is impossible for me or Mr. Taylor since many went directly to payors.

As soon as I have the best I can do in hand, it will be forwarded to you directly. My client and I discussed this matter in detail last week and this. I understand this information is needed to evaluate Plaintiff's injury claim. Extension beyond the 45 day deadline in your letter is requested. We are working on this medical record discovery problem.

Appellees' App. p. 71.

On November 9, 2012, the Evanses filed a Trial Rule 37 motion to dismiss for failure to comply with a discovery order. Taylor filed a response to the Evanses' motion to dismiss on December 13, 2012. A hearing was held on December 18, 2012, and the trial

court granted the Evanses' motion to dismiss on January 8, 2013. On February 4, 2013, Taylor filed his motion to correct errors, which the trial court denied on February 6, 2013. Where necessary, additional facts will be provided below.

## DISCUSSION AND DECISION

Taylor argues that the trial court abused its discretion in dismissing his complaint under Trial Rule 37. A trial court abuses its discretion only if its decision is clearly against the logic and circumstances before the court, or when the trial court has misinterpreted the law. *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 648-49 (Ind. Ct. App. 2008). "Available sanctions for failure to comply with discovery orders under [Trial Rule] 37 include dismissing the action." *Drew v. Quantum Sys., Inc.*, 661 N.E.2d 594, 595 (Ind. Ct. App. 1996) (citing T.R. 37(B)(2)(c)). Whether to impose this sanction "is a matter for the trial court's discretion." *Id.* "Trial Rule 37 only requires that the sanction be just." *Id.*

## I. Whether Taylor Substantially Complied with the Trial Court's Discovery Order

Taylor claims the trial court abused its discretion in sanctioning him because he substantially complied with its August 24, 2007 discovery order. As evidence of his compliance, Taylor directs us to his January 31, 2008 discovery responses; July 29, 2009 and January 14, 2010 deposition testimony[3]; and May 9, 2012 neurological report. None of this evidence, however, responds to the Evanses' request that Taylor produce copies of "medical bills … which establish, verify, or show amounts of money expended or lost by Plaintiff … as a result of the [December 2004 motor vehicle accident]." Appellees' App.

---

[3] Taylor's deposition testimony is not included in the record.

p. 41.

Taylor contends his complaint for damages does not seek reimbursement of any medical expenses, and therefore, his failure to produce medical bills could not have prejudiced the Evanses. The record reveals otherwise. Taylor pleaded "financial loss" as a result of his injuries, Appellees' App. p. 3, and, in his January 31, 2008 discovery responses, Taylor listed "medical bills" as "documents relating to any other claims for damages." Appellees' App. p. 41.

Taylor also contends that, because he authorized the release of his medical records to the Evanses, they were not prejudiced by his failure to produce medical bills. We disagree. At the hearing on the Evanses' motion to dismiss, counsel for the Evanses described Taylor's medical records as "voluminous," adding:

> Plaintiff is in his 70's [sic] and has since the date of the accident 12 different medical diagnosis [sic] for which he has received treatment. There's no way for us to figure out from the non-parties exactly what he's claiming is related to this accident and what he's claiming is not related to this accident. … [W]e still don't know what bill, what dates of treatment, and what medical providers he's claiming are a result of this accident.

Tr. p. 6-7. Notably, counsel for Taylor expressed similar sentiments in his November 8, 2012 letter to counsel for the Evanses, stating: "Document material is great. … I understand the problem gleaning records that apply to injury from those produced in November 2008 to Kyle Baker…." Appellees' App. p. 71.

Taylor further contends that he has no medical bills to produce because they were sent directly to his insurers. This contention has no merit. If a party objects to a discovery request on the basis that the requested information is not available, it is that party's burden

10

to show that it is not available. *See Castillo v. Ruggiero*, 562 N.E.2d 446, 453 (Ind. Ct. App. 1990). Further, Trial Rule 34(B) clearly provides that a party objecting to a request for production of documents shall state his reasons for objecting in his written response to that request. *See Marshall v. Woodruff*, 631 N.E.2d 3, 6 (Ind. Ct. App. 1994) (holding plaintiff waived untimely reasons for discovery objections). Taylor neither objected to the Evanses' request for medical bills nor showed that medical bills were unavailable. We conclude that the trial court did not abuse its discretion in this regard.

## II. Whether the Evanses Waived Their Challenge to Taylor's Non-Compliance

Taylor claims the trial court abused its discretion in sanctioning him because the Evanses waived their challenge to his non-compliance with the trial court's discovery order. Without citation to authority, Taylor contends that waiver resulted from the Evanses' four-year failure to complain that Taylor's January 31, 2008 discovery responses were incomplete. Taylor, however, does not assert, and the record does not reveal, that the trial court ordered that discovery be completed by a certain date. *Cf. Lucas v. Dorsey Corp.*, 609 N.E.2d 1191, 1196 (Ind. Ct. App. 1993) ("Although absence of a discovery deadline does not relieve a party of the duty of seasonably supplementing discovery responses,[] such is a relevant factor in our appellate review particularly as it bears upon the question of abuse of discretion."). Moreover, the Evanses did not simply move for dismissal on the basis of Taylor's non-compliance four years prior. They advised him on April 18, 2012, that his discovery responses were incomplete and twice reminded him over the next seven months. Taylor never complied. We conclude that the trial court did not

11

abuse its discretion this regard.

### III.  Whether the Sanction of Dismissal Is Unjust

Taylor claims the trial court abused its discretion in sanctioning him because the sanction of dismissal is unjust.  In support of this claim, Taylor cites our decision in *Wozniak v. Northern Indiana Public Service Co.*, 620 N.E.2d 33 (Ind. Ct. App. 1993), *trans. denied*.  There, we held that the sanction of dismissal is not unjust where "(1) the party in question was given additional time within which to respond and was expressly warned in advance that an ultimate sanction would be entered if he failed to comply, and (2) no response or request for additional time was timely made and no reason excusing a timely response is demonstrated." *Id.* at 36 (citing *Burns v. St. Mary Med. Ctr.*, 504 N.E.2d 1038, 1039 (Ind. Ct. App. 1987)).

### A.  Express Warning

Taylor contends the sanction of dismissal is unjust because the trial court did not expressly warn him that dismissal would result from his failure to comply with the court's discovery order.  "When deciding whether a sanction is just, this court has routinely considered whether or not a trial court expressly warned a party that failure to comply could result in dismissal." *Prime Morg.*, 885 N.E.2d at 649.  "However, notice is not necessarily required in every case." *Id.* (citing *Bankmark of Fla., Inc. v. Star Fin. Card Servs., Inc.*, 679 N.E.2d 973, 979 (Ind. Ct. App. 1997) (holding notice of sanction not required where party had ample opportunity to comply with discovery order and should have known that it risked sanctions for non-compliance)).

Here, the trial court did not warn Taylor that failure to comply with its discovery

order would result in dismissal. However, on September 6, 2012, over four years after the trial court issued its discovery order and nearly seven months after the Evanses first complained that Taylor's January 31, 2008 discovery responses were incomplete, the Evanses advised Taylor that they would file a Trial Rule 37 motion to dismiss if he did not comply with their discovery requests by September 28, 2012. On September 28, 2012, the Evanses extended this deadline by forty-five days, agreeing not to file a motion to dismiss if Taylor complied during that time. We conclude that Taylor had ample opportunity to comply with the trial court's discovery order and should have known that he risked the sanction of dismissal by failing to do so. Therefore, the trial court's failure to warn Taylor that dismissal would result from his non-compliance does not render the sanction unjust. *See Bankmark*, 679 N.E.2d at 979.

## B. Reasonable Explanation

Taylor also contends the sanction of dismissal is unjust because he offered reasonable explanations for his non-compliance. Taylor cites his "disability of mind," "heart ailments," and "advanced age" as reasonable explanations for his failure to comply with the trial court's discovery order. Appellant's Br. p. 14. The record reveals that, prior to January 31, 2008, Taylor repeatedly advised counsel for the Evanses that his health was preventing him from furnishing a timely response to the Evanses' discovery requests. However, Taylor offered no such explanation during the the nearly seven months between April 18, 2012, when the Evanses first complained that Taylor's January 31, 2008 discovery responses were incomplete, and November 9, 2012, when the Evanses filed their Trial Rule 37 motion to dismiss. Assuming Taylor's health issues reasonably explained

13

his non-compliance prior to January 31, 2008, without reassertion, those explanations were not reasonable over four years later. We conclude that the trial court did not abuse its discretion in this regard.

## C. Lesser Sanctions

Taylor further contends the sanction of dismissal is unjust because lesser sanctions would have been more appropriate. This claim has no merit because "Indiana does not require the imposition of lesser sanctions before dismissing the action or claim." *Drew*, 661 N.E.2d at 595. We conclude that the trial court did not abuse its discretion in this regard.

## CONCLUSION

The trial court did not abuse its discretion in dismissing Taylor's complaint under Trial Rule 37. Taylor did not substantially comply with the trial court's discovery order, the Evanses did not waive their challenge to Taylor's non-compliance, and the sanction of dismissal is not unjust. We affirm the trial court's judgment and, therefore, need not consider Taylor's alternative prayer for relief in the form of appellate or trial mediation.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.

14