**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 26 2014, 10:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. ADAM DAVIS**
Davis & Sarbinoff, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**KEVIN L. MOYER**
Moyer & Irk, P.C.
Lebanon, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HARRIS AUTO RECONDITIONING SERVICES INC., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1312-PL-1085 |
| | ) | |
| BRIAN WOLFE, | ) | |
| | ) | |
| Appellee-Defendant, | ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul A. Felix, Judge
Cause No. 29C01-1106-PL-5575

**November 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On April 3, 2012, Appellee-Defendant Brian Wolfe served Appellant-Plaintiff Harris Auto Reconditioning Services, Inc. ("Harris Auto") with discovery consisting of twenty-three interrogatories and ten requests for production. Harris Auto supplied its initial responses eight months later on December 17, 2012. The trial court determined several portions of the initial responses to be incomplete and evasive, and subsequently issued an order to compel Harris Auto to sufficiently answer discovery. Harris Auto provided Wolfe with amended responses to discovery sixteen days after the deadline set by the trial court in its order to compel. Wolfe again alleged deficiencies with the responses and filed a motion to dismiss as a discovery sanction pursuant to Indiana Trial Rule 37. After a hearing on the motion, the trial court dismissed Harris Auto's claims with prejudice. On appeal, Harris Auto argues that the trial court abused its discretion by dismissing its claims. Finding that the trial court did not abuse its discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 10, 2011, Harris Auto filed a verified complaint for damages and injunctive relief against several individuals, including Wolfe. (App. 2) On April 3, 2012, Wolfe served Harris Auto with discovery consisting of twenty-three interrogatories and ten requests for production. (App. 5) On November 28, 2012, Wolfe filed a motion to dismiss for lack of prosecution pursuant to Indiana Trial Rule 41, to which Harris Auto did not file a response. (App. 6) On January 24, 2013, the trial court conducted a hearing on the motion to dismiss which it subsequently denied. (App. 7) On December 17, 2012, Harris Auto provided Wolfe

2

with its initial discovery responses. (App. 6) Wolfe alleged that Harris Auto's initial discovery responses were incomplete, evasive, and non-responsive, (Appellee's Br. 4) and on January 14, 2013, Wolfe filed a motion to compel Harris Auto to respond to Wolfe's April 3, 2012 discovery requests. (App. 6) On February 4, 2014, the trial court granted Wolfe's motion to compel and ordered Harris Auto to "provide complete, full and non-evasive responses to interrogatories numbers 5, 8, 10, 11-15, 19 and 22, and production requests numbers 1-5 and 9" of Wolfe's initial discovery request within fifteen days of the order. Appellant's App. p. 20

On February 26, 2013, Harris Auto filed a motion for extension of time to comply with the trial court's order to compel, seeking to extend the deadline for compliance to March 1, 2013. (App. 7) Also on February 26, 2013, Wolfe filed a motion to dismiss pursuant to Indiana Trial Rules 37(D) and 41(E) for failure to answer discovery requests and failure to prosecute. (App. 7) On March 5, 2013, Wolfe received Harris Auto's first amended responses to the April 3, 2012 discovery requests. (Appellee's Br. 3). Wolfe found that the amended responses were again unresponsive and incomplete, several attachments were mislabeled or entirely unlabeled, and the interrogatories were unsigned and, in several instances, contained the same verbatim responses as the initial discovery responses. (Appellee's Br. 5, Tr. 6-15, 38) On March 6, 2013, Wolfe filed a supplement to his February 26, 2013 motion to dismiss, to which the trial court gave Harris Auto until March 15, 2013 to respond. (App. 7) Harris Auto filed its response to the motion to dismiss on April 11, 2013. (App. 8) The trial court scheduled a hearing on the motion to dismiss for May 13, 2013.

(App. 8)

Harris Auto claims that it emailed Wolfe a second amended set of responses to discovery on March 15, 2013. (Appellant's Br. 12-14) However, at the May 13, 2013 motion to dismiss hearing, the parties discovered that Wolfe never received these responses because the email attachments exceeded the size capacity at which the system could receive emails (Wolfe's counsel indicated that his computer system would not accept emails over twenty-five megabytes). (Tr. 24-25, 35, Appellant's Br. 15) On May 16, 2013, the trial court denied Harris Auto leave to file the purported email as additional evidence. (App. 8, 43) On June 19, 2013, the trial court granted Wolfe's motion to dismiss Harris Auto's claims with prejudice. (App. 9)

On July 19, 2013, Harris Auto filed three post-dismissal motions: a verified motion to correct errors, a motion to reconsider the trial court's order granting Wolfe's motion to dismiss, and a motion to bar Wolfe's counsel from seeking any future relief related to discovery issues filed. (App. 9) A hearing was conducted on November 1, 2013, regarding the post-dismissal motions. (App. 10, Tr. 43) On November 26, 2013, the trial court denied Harris Auto's motions for the following reasons:

1. On **February 5, 2013**, the Court GRANTED the Defendant's Motion to Compel, which Ordered the Plaintiff to "provide complete, full and non-evasive responses to interrogatories numbers 5, 8, 10, 11-15, 19 and 22, and production requests numbers 1-5 and 9 of Defendant's initial, which discovery served on the Plaintiff on **April 3, 1012** [sic], within fifteen (15) days of this order."
2. Plaintiff failed to comply with the Court's Order to Compel.
3. Eight (8) days after the due date, Plaintiff responded to the Court's Order to Compel.
4. In his late response, the Plaintiff failed to attach **numerous** Exhibits

4

that he claimed were a part of the Discovery Response.

5. In his late response, the Plaintiff failed to comply with the Court's Order to provide complete, full and non-evasive responses; to wit, he offered identical verbatim responses as he did in his first response to discovery objecting to the provision of information on the basis that it was irrelevant. In its Order to Compel, the Court specifically ordered him to provide the information. He failed to do so.

6. Mindful of the overarching goal of trying cases on their merits, the Court finds that the Plaintiff's continued delays, failures to present requested discovery, and failure to comply with Court's Orders, compel this Court to DISMISS this matter, as requested by the Defendant.

7. This Court does not find any error in its Order Granting Defendant's Motion to Dismiss, filed on June 20, 2013. Plaintiff's Motion to Correct Error is DENIED.

8. Based on the Court's decision, the Court finds that Plaintiff's Motion to Bar Defendant's Counsel from Seeking Any Future Relief Related to Discovery Issues is moot. In the alternative, the Plaintiff failed to proffer any argument on this issue, and therefore it is denied as waived.

Appellant's App. 12-13 (emphases in original). Harris Auto filed its notice of appeal on

December 27, 2013.

## DISCUSSION AND DECISION

The sole issue raised by Harris Auto on appeal is whether the trial court abused its

discretion when it dismissed Harris Auto's claims as a discovery sanction pursuant to Indiana

Trial Rule 37. Trial Rule 37(B)(2) provides, in part, as follows:

> If a party … fails to obey an order to provide or permit discovery … the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (c) … dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Similarly, Trial Rule 37(D), in conjunction with Trial Rule 37(B)(2), grants the trial court the

ability to dismiss a party's claim for failure to answer interrogatories.

### I. Standard of Review

This court has consistently held that "[t]he decision to impose the sanction of dismissal for a party's failure to comply with a discovery order is a matter within the trial court's discretion." *Pfaffenberger v. Jackson Cnty. Reg'l Sewer Dist.*, 785 N.E.2d 1180, 1183 (Ind. Ct. App. 2003) (citing *Nesses v. Specialty Connectors Co., Inc.*, 564 N.E.2d 322, 327 (Ind. Ct. App. 1990)).

> The sole issue is whether the trial court abused its discretion by dismissing the Appellants' complaint with prejudice as a discovery sanction pursuant to Ind. Trial Rule 37. The trial court has broad discretion in ruling on issues of discovery. *Hatfield v. Edward J. DeBartolo Corp.*, 676 N.E.2d 395, 399 (Ind. Ct. App. 1997), *reh'g denied*, *trans. denied*. We will reverse only when the trial court has abused its discretion. *Id*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law. *Trs. of Purdue Univ. v. Hagerman Const. Corp.*, 736 N.E.2d 819, 820 (Ind. Ct. App. 2000), *trans. denied*.

*Pfaffenberger*, 785 N.E.2d at 1183.

## II. Appropriateness of Discovery Sanctions

This court has, on several occasions, been charged with reviewing the appropriateness of dismissal as a discovery sanction. In *Burns v. St. Mary Medical Center*, 504 N.E.2d 1038, 1039 (Ind. Ct. App. 1987), Burns was served with interrogatories on July 12, 1985. On August 21, 1985, Burns provided some partial answers which were unsigned. *Id*. On December 27, 1985, Defendants moved for an order compelling discovery. *Id*. The trial court granted the motion and gave Burns until March 15, 1986 to provide full and complete answers. *Id*. Burns provided no further information and filed no request for an extension of time before the March 15 deadline passed. *Id*. The trial court granted default judgment in favor of defendants pursuant to Trial Rule 37. *Id*. In affirming the trial court, this court

6

noted several facts pertinent to our decision: (1) Burns gave no reason why the interrogatories could not have been answered on or before the deadline, (2) "[Burns] was given an additional reasonable period within which to respond," and (3) "no responses or request for additional time was timely made." *Id.*

In *Drew v. Quantum Systems, Inc.*, 661 N.E.2d 594 (Ind. Ct. App. 1996), Drew was served with interrogatories and a request for production on October 25, 1993. After not receiving a response, Quantum filed a motion to compel discovery on February 22, 1994. *Id.* at 595. The Worker's Compensation Board, which was overseeing the proceedings, granted the motion and ordered Drew to answer interrogatories by April 15, 1994. *Id.* Drew did not file answers to the interrogatories until August 16, 1994, approximately ten months after they were originally served. *Id.* Ultimately, the Board granted Quantum's motion to dismiss the claim pursuant to Trial Rule 37. *Id.* On appeal, this court found that the Board did not abuse its discretion in dismissing the claim. *Id.* at 596.

In the instant case, Harris Auto's conduct regarding discovery responses, or lack thereof, repeatedly delayed proceedings. Initial discovery requests were served on Harris Auto on April 3, 2012, and Harris Auto did not provide its initial responses until December 17, 2012, over eight months later. Despite the lengthy amount of time taken by Harris Auto to assemble its initial responses, the trial court found the responses to be incomplete and evasive, and subsequently granted Wolfe's motion to compel, ordering Harris Auto to provide adequate responses within fifteen days. As was the case in *Burns*, the trial court gave Harris Auto additional time to provide responses during which "no responses or request

7

for additional time was timely made" by Harris Auto. 504 N.E.2d at 1039. Eventually, Harris Auto did file a motion for extension, albeit eight days after the deadline, as well as amended responses, which were fifteen days late and unsigned. Harris Auto again made a late filling when it submitted its responses to Wolfe's motion to dismiss twenty-seven days after the deadline set by the trial court.

In addition to Harris Auto's lack of timeliness, the trial court found the amended responses to be "identical verbatim responses" to the initial responses. Appellant's App. 12-13. In the second amended responses[1], Harris Auto responded to five interrogatories. In the first three of those five answers, Harris Auto stated, "[o]bjection, irrelevant and unlikely to lead to the discovery of admissible evidence," despite the fact that the trial court had already granted a motion to compel and ordered Harris Auto to answer these questions. Appellant's App. 91-92. In its final answer, Harris Auto stated, "[s]till working on gathering this material as discovery moves forward," notwithstanding the eleven month period it had to garner such information. Appellant's App. 93.

Harris Auto argues that Wolfe's counsel was uncooperative and hindered Harris Auto's ability to remedy deficiencies in its discovery responses. Specifically, Harris Auto argues that it was unaware of the specific deficiencies identified by Wolfe due to unwillingness to communicate on the part of Wolfe's counsel. However, Harris Auto has failed to include several important pieces of information in its appendix which has impeded this court's ability to verify the accuracy of this contention. Indiana Appellate Rule 50(A)(2)(f) provides that an appellant's appendix shall include copies of "pleadings and other

documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." At the hearing on the motion to dismiss, Wolfe contends that the deficiencies were outlined in detail in his motion to compel discovery and again in his supplemental motion to dismiss. (Tr. 30, App. 6) Because neither the motion to compel nor the supplemental motion to dismiss are included in the Harris Auto's Appendix, it is impossible for this court to resolve the inconsistency.

With the forgoing in mind, and without any evidence to the contrary, we have no reason to question the trial court's findings regarding the extent of Harris Auto's discovery misconduct. Based on that misconduct, we find that the trial court's decision to dismiss was consistent with this court's previous decisions regarding Trial Rule 37 discovery sanctions. Accordingly, we find that the trial court did not abuse its discretion in dismissing Harris Auto's claims as a discovery sanction under Indiana Trial Rule 37.

The judgment of the trial court is affirmed.

NAJAM, J., and BAILEY, J., concur.

---

[1] Harris Auto's initial and first amended discovery responses were not in the record on appeal.