**J.C. MARLOW MILKING MACHINE COMPANY, Appellant (Defendant),**

v.

**Bernard REICHERT and Elizabeth Reichert, Appellees (Plaintiffs),**

and

**Conde Milking Machine Company, Inc., Appellee (Defendant).**

No. 2–1281A407.

Court of Appeals of Indiana, Second District.

June 12, 1984.

Thomas L. Wooding and William E. Borror, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellant.

Paul F. Shappell, Whiteman, Shappell & Diller, Portland, Richard J. Dick, Mitchell, Hurst, Pinkus, Jacobs & Dick, Indianapolis, for appellees, Bernard Reichert and Elizabeth Reichert.

Robert C. Beasley, White, Beasley, Gilkison, Retherford & Buckles, Muncie, for appellee, Conde Milking Mach. Co., Inc.

BUCHANAN, Chief Judge.

### CASE SUMMARY

Defendant-appellant J.C. Marlow Milking Machine Company (Marlow) appeals the denial of its motion for relief from default judgment, claiming the trial court abused its discretion in entering default judgment as a discovery sanction and in dismissing Marlow's cross-claims against other defendants.

We reverse and remand.

## FACTS

In 1973, plaintiff-appellees Bernard and Elizabeth Reichert (Reicherts) entered into an agreement with B.J. Kaiser Trucking, Inc. (Kaiser) for the purchase and installation of a milking system for their dairy farm in Jay County. Kaiser had purchased the system from Marlow, which had designed the system with component parts manufactured by defendant-appellee Conde Milking Machine Company, Inc. (Conde). Employees of both Kaiser and Marlow installed the system at the Reicherts' farm.

Over the next several years, the Reicherts' cattle developed mastitis, an inflammation of the udder, allegedly attributable to malfunctioning of the milking machine system. Repeated attempts by Marlow to rectify the problem failed. Consequently, in 1978, the Reicherts sued Marlow, Conde, and Kaiser for damages to their herd, alleging defects in the manufacture, design, and installation of the milking system caused the mastitis. Each defendant denied liability and in turn filed cross-claims against each other for indemnity. During the course of the lawsuit, the Reicherts dismissed as to both Conde and Kaiser, seeking damages only from Marlow.

From 1980 to mid-1981, extensive discovery motions were filed by both parties. Numerous conferences were held during which the trial court attempted to encourage speedy discovery and on some occasions set deadlines for the completion of certain phases of the discovery process. Finally, in July, 1981, the Reicherts filed a motion for sanctions pursuant to Ind.Rules of Procedure, Trial Rule 37, alleging that Marlow was guilty of bad faith by failing to respond to their interrogatories and requests for documents, that the answers provided were evasive or incomplete, that Marlow's counsel had interfered with the taking of depositions, and that Marlow had in bad faith amended its witness list. Specifically, the Reicherts asked for the remedy of default.

The trial court noted that the issue of discovery had been before it numerous times; therefore, Marlow was ordered to file a written showing of cause why the Reicherts' motion for sanctions should not be granted. Marlow responded in writing, but on August 10, 1981, the trial court granted the Reicherts' motion for sanctions, entering judgment by default in the amount of $300,000.00 per the prayer for relief in the Reicherts' complaint. The trial court also dismissed Marlow's cross-claims against Conde and Kaiser. In September, 1981, Marlow filed a T.R. 60(B) motion for relief from default judgment which was denied.

## ISSUES

Because of our resolution of this case, we address only the following two issues presented by Marlow:

1. Did the trial court abuse its discretion in entering judgment by default as a discovery sanction without holding a hearing?

2. Did the trial court abuse its discretion in dismissing Marlow's cross-claims as a discovery sanction?

## DECISION

ISSUE ONE—Did the trial court abuse its discretion in entering judgment by default as a discovery sanction without holding a hearing?

PARTIES' CONTENTIONS—Marlow contends the trial court erred in failing to hold a hearing on the issue of a default judgment as a discovery sanction. The Reicherts counter that it was not necessary to hold a hearing upon their request for a default judgment because many hearings had been held by the trial court throughout the discovery process, and besides, Marlow was given an adequate opportunity to respond to the default issue by submitting a written argument.

CONCLUSION—The trial court was required to hold a hearing before entering judgment by default as a discovery sanction.

When using the drastic remedy of default as a discovery sanction under T.R.

37(B), the trial court must follow the provisions of T.R. 55 concerning procedures for issuing default judgments. This result is reached by following the rationale of *Rumfelt v. Himes*, (1982) Ind., 438 N.E.2d 980. In *Rumfelt, supra*, the plaintiffs were dismissed pursuant to T.R. 41(E) without a hearing. Our supreme court rejected the argument that the trial court could ignore T.R. 41(E)'s specific language requiring a hearing because of language in T.R. 73 which states "[t]o expedite its business the court may direct the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition...." Adopting the dissent of Judge Staton, our supreme court applied two general rules of construction in rejecting this position: 1) the trial rules should be construed together and harmoniously whenever possible; and 2) a specific rule should control over a general one on the same subject matter. Chief Justice Givan applied these two rules and concluded "Trial Rule 41(E) clearly requires a hearing on a motion to dismiss which controls over Trial Rule 73 allowing the trial court to expedite its business by directing the submission and determination of motions without oral hearing." *Id.* at 984.

■ Applying these same two rules of construction to this case, it is apparent that T.R. 55 is the more specific rule governing the trial court's actions when issuing a default judgment, whereas T.R. 37(B) simply sets forth a list of sanctions which the trial court may issue for violations of discovery. The specific language of T.R. 55 states that a default judgment may be issued when a party "has failed to plead or otherwise *comply with these rules*" (emphasis supplied). This language indicates that T.R. 55 is to control when a party is defaulted for failure to comply with rules, such as discovery rules. Furthermore, the two provisions are not contradictory because T.R. 37(B) is silent as to the requirement of a hearing. Therefore, reading the two sections harmoniously and allowing the specific to govern the general, should the trial court decide to use the sanction of

default, it must follow the provisions of T.R. 55.

■ Having concluded that T.R. 55 applies, we now look to the specific language of the rule to determine whether a hearing was required in this case. Unlike T.R. 41(E), which requires a hearing in all cases, T.R. 55 has been interpreted to require a hearing only when a default judgment is actually issued. *See Snyder v. Tell City Clinic*, (1979) 181 Ind.App. 188, 391 N.E.2d 623. In our case a default judgment was issued, so a hearing was required for the benefit of Marlow.

In *Rumfelt, supra*, at 983, Chief Justice Givan determined that under T.R. 41(E), governing dismissal, a hearing requires more than merely a written response to an order to show cause, and that the failure to provide such a hearing results in prejudicial harm. The same rules apply here; consequently, the Reicherts' assertions that either the written response to the show cause order was sufficient compliance or the hearing on the T.R. 60(B) motion cured any error must fail.

Thus, we remand this case for a hearing on the issue of default pursuant to *Rumfelt, supra*, and T.R. 55.

ISSUE TWO—Did the trial court abuse its discretion in dismissing Marlow's cross-claims as a discovery sanction?

PARTIES' CONTENTIONS—Marlow submits it was error to dismiss its cross-claims when the discovery sanction asked for was default. Conde responds that the trial court may issue any relief it deems proper.

CONCLUSION—The trial court abused its discretion in dismissing Marlow's cross-claims as a discovery sanction.

■ The record reveals that the court severed all cross-claims for indemnity among the various defendants. *Record* at 290. And, we find no indication that either Conde or Kaiser asked for dismissal as a discovery sanction. A dismissal under these circumstances runs counter to *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, (1982) 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492, which

emphasizes that the sanction issued must be specifically related to the particular claim at issue in the order to provide discovery. Here, the orders to provide discovery concerned discovery requested by Reicherts; they did not concern any discovery related to cross-claimants Kaiser or Conde. Therefore, it was improper for the trial court to dismiss the cross-claims in response to a motion for default judgment filed by the Reicherts.

The trial court may, within the contours of T.R. 41(E), on its own motion, dismiss a claim for failure to comply with rules or failure to take any action. However, if the trial court intended to dismiss the cross-claims under this provision, it must hold a hearing before doing so. *See Rumfelt, supra.*

Thus, we must reverse the judgment and remand this case to the trial court for further proceedings consistent herewith.

SHIELDS and SULLIVAN, JJ., concur.