George **PFAFFENBERGER, d/b/a Pfaffenberger Builder and Leslie Lake & Country Club, Inc., Appellants–Plaintiffs,**

v.

**JACKSON COUNTY REGIONAL SEWER DISTRICT, Appellee–Defendant.**

No. 36A01–0205–CV–167.

Court of Appeals of Indiana.

April 7, 2003.

Jeffrey J. Lorenzo, Montgomery Elsner & Pardieck, Seymour, IN, for Appellants.

Bruce Markel, III, Markel Markel Lambring & MacTavish, Brownstown, IN, for Appellee.

**OPINION**

SHARPNACK, Judge.

George Pfaffenberger, d/b/a Pfaffenberger Builders, and Leslie Lake and Country Club, Inc., (collectively, the "Appellants") appeal the trial court's dismissal of their complaint with prejudice. The Appellants raise two issues, which we consolidate and restate as whether the trial court abused its discretion by dismissing their complaint with prejudice as a discovery sanction pursuant to Ind. Trial Rule 37. We affirm.

The relevant facts follow.[1] On June 5, 1998, the Appellants filed their complaint against Jackson County Regional Sewer District (the "Sewer District"). On December 15, 2000, the Sewer District sent the Appellants interrogatories and a request for production of documents. On April 30, 2001, the Sewer District filed a motion to compel the Appellants' responses to the interrogatories and production of the requested documents. The trial court ordered the Appellants to respond to the Sewer District's discovery requests on or before May 30, 2001. On June 15, 2001, the Sewer District filed a motion to dismiss the Appellants' complaint alleging that the Appellants had not responded to the discovery requests. On July 2, 2000, the trial court granted the Sewer District's motion and dismissed the Appellants' complaint with prejudice.

Subsequently, the Appellants filed a motion to reconsider and set aside the order

---

1. The Appellee, Jackson County Sewer District, filed a motion to strike requesting that the last sentence on page one of the Appellants' brief, which provides that: "Subsequent to that date, on September 1, 2000, counsel for the Appellants delivered documents to [the Sewer District's] counsel's office in partial fulfillment of the [Sewer District's] request for production," be stricken because such statement is a misstatement of fact. Appellants' Brief at 1. The Sewer District also requested that section three, entitled Statement of the Facts, of the Appellants' brief be stricken. Ind. Appellate Rule 42 provides, in pertinent part, that:

> Upon motion made by a party within the time to respond to a document, or if there is no response permitted, within thirty (30) days after the service of the document upon it, or at any time upon the court's own motion, the court may order stricken from any document any redundant, immaterial, impertinent, scandalous or other inappropriate matter.

We now grant the Sewer District's motion to strike the last sentence on page one of Appellants' brief because the requested material is immaterial to the procedural posture of this case. We deny the remainder of the Sewer District's motion to strike.

of dismissal. On July 17, 2001, the trial court granted the Appellants' motion and set aside the dismissal. On this same date, the trial court granted the Appellants an additional sixty days within which to respond to the Sewer District's outstanding discovery requests. On October 9, 2001, the Sewer District filed a second motion to dismiss the Appellants' complaint, alleging that the Appellants had not yet responded to the discovery requests. Attached to this motion was a letter from the Appellants' attorney, dated September 28, 2001, which provided as follows:

> "Enclosed is an unsigned copy of [Pfaffenberger's] responses to your interrogatories. [Pfaffenberger] will be contacting us within the next few days with the information needed to complete his answer to Interrogatory No. 28. We will then forward a completed and signed copy of the answers to you."

Appellants' Appendix at 125. This letter did not mention the Appellants' responses to the Sewer District's request for production. On October 9, 2001, the trial court again dismissed the Appellants' complaint with prejudice. The Appellants filed a motion for relief from judgment and to reconsider and set aside the order of dismissal, alleging, in part, that Pfaffenberger's multiple by-pass surgery limited his ability to assist counsel in finalizing the answers to interrogatories. This motion was deemed denied by the trial court pursuant to Ind. Trial Rule 53.4.[2] The Appellants also filed a motion to correct error, which the trial court denied.

■ The sole issue is whether the trial court abused its discretion by dismissing the Appellants' complaint with prejudice as a discovery sanction pursuant to Ind. Trial Rule 37. The trial court has broad discretion in ruling on issues of discovery. *Hatfield v. Edward J. DeBartolo Corp.*, 676 N.E.2d 395, 399 (Ind.Ct.App. 1997), *reh'g denied, trans. denied.* We will reverse only when the trial court has abused its discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law. *Trs. of Purdue Univ. v. Hagerman Const. Corp.*, 736 N.E.2d 819, 820 (Ind.Ct.App.2000), *trans. denied.*

■ The rules of discovery are designed to "allow a liberal discovery process, the purposes of which are to provide parties with information essential to litigation of the issues, to eliminate surprise, and to promote settlement." *Hatfield*, 676 N.E.2d at 399. Although discovery is intended to require "little, if any, supervision or assistance by the trial court," when the goals of this system break down, Ind. Trial Rule 37 provides the trial court with tools to enforce compliance. *Id.* Indiana Trial Rule 37(B)(2) permits a trial court to sanction litigants for their failure to comply with discovery orders. The rule provides, in pertinent part, as follows:

> If a party or an officer, director, or managing agent of a party or an organization ... fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule or Rule 35, the court in which the action is pending may make such

---

2. Ind. Trial Rule 53.4(B) provides, in relevant part, as follows: "Effect of court's delay in ruling upon repetitive motion or motion to reconsider ruling on a motion. Unless such a motion is ruled upon within five (5) days it shall be deemed denied, and entry of service of notice of such denial shall not be required."

orders in regard to the failure as are just, and among others the following:

\* \* \* \* \*

■ (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

The decision to impose the sanction of dismissal for a party's failure to comply with a discovery order is a matter within the trial court's discretion. *Nesses v. Specialty Connectors Co., Inc.*, 564 N.E.2d 322, 327 (Ind.Ct.App.1990).

In the present case, the Appellants assert two bases upon which they claim that the trial court abused its discretion by dismissing their complaint. First, the Appellants maintain that the trial court abused its discretion because it did not first impose a less severe sanction than dismissal. Second, the Appellants argue that the trial court abused its discretion because it failed to either hold a hearing on the Sewer District's motion to dismiss or give the Appellants an opportunity to respond to the motion. We address each of these claims separately.

A.

■ The Appellants first contend that the trial court abused its discretion because it did not impose a lesser discovery sanction before it dismissed their claim. To support this contention, the Appellants rely primarily upon *Chrysler Corp. v. Reeves*, 404 N.E.2d 1147 (Ind.Ct.App.

1980), which held that a sanction of default or dismissal for failing to comply with discovery is never appropriate without the entry of a lesser sanction first. However, the Appellants' reliance upon *Reeves* and other cases decided under the predecessor to current Ind. Trial Rule 37(B)(2) is misplaced as the rule has been substantially rewritten. *See Burns v. St. Mary Med. Ctr.*, 504 N.E.2d 1038, 1039 (Ind.Ct.App. 1987) (noting that Ind. Trial Rule 37(B)(2) has been substantially rewritten since our decision in *Reeves*[3] and the present version simply provides that the sanction of entry of default judgment is available upon failure to answer interrogatories so long as that remedy is "just"); *see also Stout v. A.M. Sunrise Const. Co., Inc.*, 505 N.E.2d 500, 503 (Ind.Ct.App.1987), *reh'g denied, trans. denied, cert. denied,* 488 U.S. 1030, 109 S.Ct. 839, 102 L.Ed.2d 971 (1989). Rather, the decision to impose the ultimate sanction of dismissal or default is within the trial court's discretion. *Nesses,* 564 N.E.2d at 327. Accordingly, a trial court is not required to impose lesser discovery sanctions prior to applying the ultimate sanction of dismissal or judgment by default. *Hatfield,* 676 N.E.2d at 399.

■ Here, the trial court's dismissal of the Appellants' complaint was not an abuse of discretion. The record reveals that the Sewer District propounded interrogatories and a request for production upon the Appellants on December 15, 2000. Because the Appellants failed to respond to its discovery requests, the Sewer District filed a motion to compel with the trial court. The trial court ordered the Appellants to respond to the outstanding discovery requests on or before May 30, 2001.

**3.** Ind. Trial Rule 37 was amended on Nov. 3, 1981 and the amendment took effect on Jan. 1, 1982.

The Appellants, however, did not respond. The Sewer District then filed a motion to dismiss the Appellants' complaint, which the trial court granted on July 2, 2000. In response, the Appellants filed a motion to reconsider and set aside the order of dismissal, which the trial court granted. On July 17, 2001, the trial court gave the Appellants an additional sixty days within which to respond to the discovery requests at issue. With this sixty-day extension, the Appellants were essentially given nine months within which to respond to the Sewer District's discovery requests. Again, however, the Appellants failed to respond. Thus, the Sewer District next filed a second motion to dismiss the Appellants' complaint, which the trial court granted with prejudice.

Moreover, the record before us does not indicate that the Appellants ever: (1) requested an additional extension of time to respond to the discovery requests subsequent to the sixty-day extension; or (2) informed the trial court, or the Sewer District for that matter, of Pfaffenberger's surgery and the Appellants' resulting difficulty in completing the discovery responses. Rather, the only communication between the Appellants and the Sewer District evidenced in the record is the letter dated September 28, 2001, wherein the Appellants' attorney declares that a signed and completed response to the interrogatories would be forthcoming. Yet, this letter does not even refer to the Appellants' responses to the request for production. We have previously held that when the party alleged to have not complied with discovery orders: (1) has been given an additional reasonable period within which to respond (i.e., sixty days); (2) was warned in advance that dismissal or entry of a default judgment would be the penalty for noncompliance (i.e., the prior dismissal); (3) has not timely responded or requested additional time; and (4) has not demonstrated a reason excusing the past noncompliance, there was no abuse of discretion on the part of the trial court for imposing the sanction of dismissal. *See, e.g., Wozniak v. N. Ind. Pub. Serv. Co.*, 620 N.E.2d 33, 35–36 (Ind.Ct. App.1993), *reh'g denied, trans. denied.* Accordingly, here, the trial court did not abuse its discretion by dismissing the Appellants' complaint without first imposing less severe sanctions. *See, e.g., id.*

## B.

Second, the Appellants contend that the trial court abused its discretion by granting the Sewer District's motion to dismiss, pursuant to Ind. Trial Rule 37, without first affording them an opportunity to respond or be heard. As previously mentioned, Ind. Trial Rule 37 specifically grants the trial court the authority to sanction a party by dismissal where that party has failed to obey an order to provide discovery. Ind. T.R. 37(B). Ind. Trial Rule 37(B) is silent on the issue of a hearing. However, we have recognized that when a petition for sanctions, such as a motion to dismiss, is filed, the trial court must ordinarily conduct a hearing thereon to determine whether one of the enumerated reasons for not imposing sanctions exists. *See Hatfield*, 676 N.E.2d at 400 (citing *South v. White River Farm Bureau Co-op.*, 639 N.E.2d 671, 674 (Ind.Ct.App. 1994), *trans. denied* ).

To support their argument that the trial court abused its discretion by dismissing their complaint without holding a hearing or affording them an opportunity to respond, the Appellants rely upon *J.C. Marlow Milking Mach. Co. v. Reichert*, 464 N.E.2d 364, (Ind.Ct.App.1984), *reh'g de-*

*nied, trans. denied.* First, we observe that although *Reichert* was decided after Ind. Trial Rule 37 was amended, the default judgment from which the appeal was taken was based upon the prior version of Ind. Trial Rule 37. Second, in *Reichert,* the trial court entered a default judgment in favor of the defendant, as a result of the plaintiff's failure to respond to discovery, without holding a hearing. *Id.* at 366. On review, we held that when using the drastic remedy of default as a discovery sanction under Ind. Trial Rule 37(B), the trial court must follow the provisions of Ind. Trial Rule 55 regarding the procedures for issuing default judgments. *Id.* Specifically, we held that because Ind. Trial Rule 55 is the more specific rule governing default judgments, whereas Ind. Trial Rule 37 merely sets forth a list of sanctions without comment on the necessity for a hearing, the requirement of a hearing found in Ind. Trial Rule 55 controls. *Id.*

The Appellants also rely upon *Hatfield,* 676 N.E.2d 395, for the proposition that the trial court must ordinarily conduct a hearing on a petition for discovery sanction. There, we held that the trial court did not abuse its discretion by failing to hold a hearing on a motion to dismiss as a discovery sanction. In so holding, we noted that because Hatfield was dismissed as a discovery sanction pursuant to Ind. Trial Rule 37(B), and not defaulted under Ind. Trial Rule 55 nor dismissed under Ind. Trial Rule 41, the trial court was not required to follow the notice requirements applicable to default judgments or involuntary dismissals. *Id.* at 400–401. We further observed that the trial court afforded Hatfield an opportunity to respond to the motion to dismiss but Hatfield failed to avail itself of that opportunity. *Id.* at 401.

■ We find the reasoning of *Hatfield* persuasive. Here, although the trial court did not hold a hearing on the Sewer District's second motion to dismiss, the Appellants had ample opportunity to inform the trial court about their alleged inability to respond to the Sewer District's interrogatories and request for production. The record reveals that after the trial court granted the Sewer District's first motion to dismiss the Appellants' complaint as a discovery sanction, the Appellants filed a motion to reconsider and set aside the dismissal. The trial court granted the Appellants' motion and set aside the dismissal. In addition, the trial court gave the Appellants an extension of sixty days within which to file their responses to the Sewer District's discovery requests. However, the Appellants did not respond timely to the discovery requests. Approximately three months after the trial court had given the Appellants the additional sixty days to respond to the outstanding discovery requests, the Sewer District filed its second motion to dismiss. In that three-month period, the Appellants failed to communicate with the Sewer District or the trial court regarding the difficulties they were experiencing in completing the discovery responses, or to request an additional extension of time within which to respond. Because the Appellants did not avail themselves of the opportunity to inform the trial court of their problems in responding to the discovery requests and did not request an extension of time within which to respond, the trial court did not abuse its discretion by dismissing the Appellants' complaint pursuant to Ind. Trial Rule 37 without first conducting a hearing or otherwise giving the Appellants time to respond. *See, e.g. id.*

■ Even assuming that the trial court did abuse its discretion by dismissing the Appellants' complaint without holding

a hearing, we are still not inclined to reverse the dismissal. To set aside the dismissal, the Appellants must, at the very least, demonstrate that the actions of the trial court injured or prejudiced them in some way. *See Castillo v. Ruggiero*, 562 N.E.2d 446, 450 (Ind.Ct.App.1990), *trans. denied.* Presumably, the Appellants argue that the dismissal denied them the opportunity to present a defense to the Sewer District's motion to dismiss. However, the Appellants were given ample opportunity to inform the trial court of their difficulties in responding to the discovery and to· request an extension of time within which to respond. They did neither. Under these facts, we discern no prejudice to the Appellants as a result of trial court's dismissal, nor have the Appellants brought any such prejudice to our attention. *See, e.g., id.* The trial court committed no·abuse of discretion. *See, e.g., Wozniak*, 620 N.E.2d at 37.

Accordingly, we hold that the trial court's decision to dismiss the Appellants' complaint is not clearly against the logic and effect of the facts and circumstances before the trial court. Consequently, the trial court did not abuse its discretion by dismissing the Appellants' complaint pursuant to Ind. Trial Rule 37. *See, e.g., Hatfield*, 676 N.E.2d at 400 (holding that the trial court did not abuse its discretion by dismissing the plaintiff's complaint for his failure to appear at two scheduled depositions).

For the foregoing reasons, we affirm the trial court's dismissal of the Appellants' complaint.

Affirmed.

SULLIVAN and KIRSCH, JJ., concur.