**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 24 2014, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**STANLEY F. COLLESANO**
Fishers, Indiana

ATTORNEYS FOR APPELLEE:

**HARRY W. CAPPEL**
**NATHAN H. BLASKE**
Graydon Head & Ritchey LLP
Cincinnati, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STANLEY F. COLLESANO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 29A04-1403-MF-138 |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Daniel J. Pfleging, Judge
Cause No. 29D02-0905-MF-671

**November 24, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Stanley F. Collesano appeals from the trial court entry of default judgment in favor of CitiMortgage, Inc. on its complaint to foreclose a mortgage on property owned by Collesano and dismissal of Collesano's counterclaim as a penalty for Collesano's discovery violations. On appeal, Collesano argues that the trial court's order was an abuse of discretion.

We affirm.

CitiMortgage filed this foreclosure action in May 2009. Shortly thereafter, an attorney filed an appearance on Collesano's behalf. Collesano subsequently filed his answer and asserted three counterclaims against CitiMortgage. About a year later, CitiMortgage filed a motion for partial summary judgment with respect to Collesano's counterclaims. A hearing was held on May 3, 2012, at which Collesano agreed to dismiss two of the three counterclaims. The trial court denied summary judgment with respect to the remaining counterclaim.

Several months later, Collesano's counsel filed a motion to withdraw her appearance, which the trial court granted on September 19, 2012. On October 18, 2012, CitiMortgage served Collesano with Plaintiff CitiMortgage, Inc.'s First Set of Requests for Admissions Directed to Defendant Stanley F. Collesano (Requests for Admissions) as well as Plaintiff CitiMortgage, Inc.'s First Set of Discovery Requests Directed to Defendant Stanley F. Collesano (Discovery Requests), which included interrogatories and requests for the production of documents. On November 14, 2012, CitiMortgage's counsel agreed to an informal extension of time until December 20, 2012, to allow

Collesano to serve his responses. On December 20, 2012, Collesano served responses to the Requests for Admissions. He did not, however, respond to the Discovery Requests.

On January 4, 2013, CitiMortgage's counsel sent Collesano a letter reminding him that the responses to the Discovery Requests were overdue. On January 15, CitiMortgage's counsel sent Collesano a second letter inquiring about the responses to the Discovery Requests and reminding Collesano that they were overdue. On January 28, Collesano responded by email and informed CitiMortgage's counsel that the responses to the Discovery Requests would be served by February 15. Collesano failed to serve his responses to the Discovery Requests by that date, and on February 22, CitiMortgage's counsel sent Collesano a third letter, this time citing Indiana Trial Rule 26(F) and warning that a motion to compel would be filed with the trial court if the responses were not received by February 26.

February 26 came and went, and Collesano still had not served responses to the Discovery Requests. On March 7, CitiMortgage filed a motion to compel with the trial court. On March 11, the trial court granted the motion to compel and ordered Collesano to respond to the Discovery Requests by March 18, 2013. On March 27, CitiMortgage filed a motion for sanctions pursuant to Indiana Trial Rule 37. In the motion, CitiMortgage asserted that Collesano had not complied with the trial court's order compelling him to respond to the Discovery Requests and requested default judgment and dismissal of Collesano's counterclaim as sanctions for Collesano's discovery violations. Collesano filed a response to the motion for sanctions in which he asserted that he had complied with the order to compel by "provid[ing] an electronic copy, with an electronic

3

signature of such discovery response to Plaintiff on March 18, 2013." *Appellee's Appendix* at 355. Collesano did not, however, attach a copy of this purported electronic copy or any proof that such a copy had been served. Instead, he attached a set of typewritten responses to the Discovery Requests, which were verified on April 2, 2013—the same date he filed his response to the motion for sanctions, and well after the March 18 deadline set out in the trial court's order to compel. CitiMortgage filed a reply in which it denied ever receiving an "electronic copy" of Collesano's responses to the Discovery Requests. *Id.* at 365.

The trial court scheduled a hearing on the motion for sanctions for August 26, 2013. Although notice of the hearing was mailed to Collesano, it was returned marked "NO SUCH STREET." *Id.* at 9. The hearing went forward as scheduled, and Collesano did not appear. At the conclusion of the hearing, the trial court took the matter under advisement. Approximately six months later, on February 27, 2014, the trial court issued its order granting CitiMortgage's request for sanctions. Specifically, the court entered default judgment in CitiMortgage's favor on its complaint to foreclose on the mortgage and dismissed Collesano's remaining counterclaim. Collesano now appeals.

Before turning to the merits of Collesano's appeal, we note Collesano's failure to comply with our appellate rules. Perhaps most notably, Collesano failed to file an appendix. *See* Ind. Appellate Rule 49 (providing that "[t]he appellant shall file its Appendix with its appellant's brief"). Additionally, his appellant's brief does not contain a single citation to the record to support his numerous factual assertions. *See* App. R. 46(A)(5), (6), (8) (providing that the Statement of Case, Statement of Facts, and

4

Argument must contain page references to the Record on Appeal or Appendix). Moreover, Collesano's Statement of Facts contains extensive argument, which is inappropriate in an appellate brief. *See Minix v. Canarecci*, 956 N.E.2d 62, 66 n.2 (Ind. Ct. App. 2011) (explaining that "the statement of facts should be devoid of argument"), *trans. denied*. CitiMortgage urges us to conclude that Collesano has waived appellate review of his arguments by failing to comply with the appellate rules. Although the deficiencies in Collesano's performance are significant and have seriously hampered our review of the issues, we nevertheless decline to find his arguments waived.[1]

On appeal, Collesano argues that the trial court erred in imposing discovery sanctions. Decisions concerning the imposition of sanctions for discovery violations fall within the trial court's sound discretion. *Whitaker v. Becker*, 960 N.E.2d 111 (Ind. 2012). "Trial judges stand much closer than an appellate court to the currents of litigation pending before them, and they have a correspondingly better sense of which sanctions will adequately protect the litigants in any given case, without going overboard, while still discouraging gamesmanship in future litigation." *Id.* at 115. Accordingly, we review a trial court's decision to impose discovery sanctions for an abuse of discretion. *Whitaker v. Becker*, 960 N.E.2d 111. "We presume that the trial court will 'act in accord with what is fair and equitable in each case,' and thus we will only reverse 'if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law.'" *Wright v. Miller*, 989

---

[1] We note that CitiMortgage filed a two-volume appendix containing the documentation necessary for us to conduct effective appellate review.

N.E.2d 324, 330 (Ind. 2013) (quoting *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993)). "When we review for an abuse of discretion, we do not reweigh the evidence." *Brightpoint, Inc. v. Pedersen*, 930 N.E.2d 34, 38 (Ind. Ct. App. 2010), *trans. denied*.

"The purpose of the discovery rules is to allow for minimal trial court involvement and to promote liberal discovery." *Whitaker v. Becker*, 960 N.E.2d at 115. To that end, Indiana Trial Rule 37(B) provides that a trial court may impose sanctions, including dismissal and entry of default judgment, if a party fails to comply with an order compelling discovery. *See* T.R. 37(B)(2)(c) (providing that when a party fails to obey a discovery order, the trial court "may make such orders in regard to the failure as are just" including "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party"). The purpose of such discovery sanctions is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Whitaker v. Becker*, 960 N.E.2d at 115 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Collesano repeatedly states that he did, in fact, comply with the trial court's order compelling him to respond to the Discovery Requests. This is simply a request to reweigh the evidence, which we will not do on appeal. Collesano is apparently referencing his assertion, set forth in his response to CitiMortgage's motion for sanctions, that he provided CitiMortgage an "electronic copy, with an electronic signature" on March 18, the deadline specified in the trial court's order to compel. *Appellee's*

6

*Appendix* at 355.   Counsel for CitiMortgage, however, denied receiving such an "electronic copy," and Collesano attached no proof of service or other evidence supporting his claim that he served counsel electronically.   Instead, Collesano attached a copy of his responses to the Discovery Requests verified on April 2—well after the March 18 deadline set forth in the order to compel.   In light of these facts, it was well within the trial court's discretion not only to credit the statement of CitiMortgage's counsel, but to conclude that Collesano's assertion that he had served an electronic copy of the requested discovery was false.[2]   And by entering an order imposing discovery sanctions, it is apparent that the trial court did so.

Collesano also argues that the trial court erred in entering default judgment against him and dismissing his counterclaim because its decision runs counter to Indiana's policy favoring disposition of cases on the merits rather than by technical rules of procedure. Although our Supreme Court has acknowledged that "in Indiana there is a marked judicial deference for deciding disputes on their merits and for giving parties their day in court," *Wright v. Miller*, 989 N.E.2d at 328, the court has also explained that "under the appropriate facts a trial court may enter an outright dismissal or default judgment when a party failed to respond to discovery requests on time, the trial court granted an order to

---

[2] In his statement of facts, Collesano seems to suggest that it was improper for the trial court to hold the hearing on CitiMortgage's request for sanctions in his absence because the notice of the hearing mailed to Collesano was returned undelivered.   Because Collesano has cited no authority in support of this argument, it is waived for failure to present a cogent argument. *See* App. R.  46(A)(8) (requiring contentions in appellant's brief be supported by cogent reasoning and citations to relevant authority); *Weaver v. Niederkorn*, 9 N.E.3d 220 (Ind. Ct. App. 2014) (holding argument waived for lack of cogency where appellant cited no supporting authority).

compel discovery, and the party violated the order to compel by failing to respond." *Whitaker v. Becker*, 960 N.E.2d at 116. Because Collesano's conduct satisfies these criteria, he cannot establish reversible error based solely on Indiana's policy favoring resolution of cases on their merits.

Next, Collesano argues that the trial court abused its discretion because the sanction it imposed was unduly harsh.[3] As a general matter, trial courts "should seek to apply sanctions which have a minimal [e]ffect on the evidence presented at trial and the merits of the case." *Wright v. Miller*, 989 N.E.2d 324, 330 (quoting *Wiseheart v. State*, 491 N.E.2d 985, 990 (Ind. 1986)). But as our Supreme Court explained in *Whitaker v. Becker*, "[a]lthough the regular practice is to fashion progressive sanctions leading up to a dismissal or default judgment when it is possible to do so, imposing intermediate sanctions is not obligatory when a party's behavior is particularly egregious." 960 N.E.2d at 116. Thus, the question presented is whether Collesano's behavior might be considered "particularly egregious." *Id.* Under the unique facts and circumstances of this case, we cannot say that such a conclusion was an abuse of discretion.

After counsel for CitiMortgage agreed to an informal extension of the initial deadline for Collesano to respond to the Discovery Requests, Collesano failed to serve his responses by the agreed-upon deadline. Thereafter, counsel for CitiMortgage sent Collesano three separate letters reminding him that his responses to the Discovery Requests were due, and finally invoking T.R. 26(F) and warning that a motion to compel

---

[3] In support of this argument, Collesano cites an Illinois case, *Presbyterian St. Luke's Hosp. v. Feil*, 394 N.E.2d 537 (Ill. App. Ct. 1979). This case is of course not binding authority on this court, and the standard applied therein is not in line with the more recent decisions of our Supreme Court.

would be filed if Collesano failed to serve responses by February 26, 2013. Collesano failed to serve responses by that date, and CitiMortgage filed a motion to compel on March 7. The trial court granted the motion to compel and gave Collesano a week to serve responses to the Discovery Requests. When Collesano failed to do so, CitiMortgage filed a motion for sanctions. In response, Collesano claimed to have electronically served CitiMortgage on the deadline set in the motion to compel, but Collesano provided no proof of service and counsel for CitiMortgage denied receiving any electronic response. It is apparent from the trial court's order entering sanctions against Collesano that it did not believe Collesano's claim that he served his responses to the Discovery Requests within the time frame set forth in the order to compel. Under these facts and circumstances, we cannot conclude that the trial court was required to impose progressive sanctions before imposing the ultimate sanction of default judgment and dismissal.[4]

For the reasons set forth above, and in light of the broad discretion afforded trial courts with respect to the imposition of discovery sanctions, we cannot say that the trial court abused its discretion in concluding that entry of default judgment and dismissal of Collesano's counterclaim was just under the circumstances.[5]

---

[4] To the extent Collesano blames his failure to respond to discovery on his pro se status, we note that our Supreme Court has recently explained "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *In re G.P.,* 4 N.E.3d 1158, 1164 (Ind. 2014). Moreover, we note that the record indicates that Collesano obtained a law degree in 1994.

[5] Collesano's reliance on *Chrysler Corp. v. Reeves*, 404 N.E.2d 1147 (Ind. Ct. App. 1980), *superseded by rule as stated in Pfaffenberger v. Jackson Cnty. Reg'l Sewer Dist.*, 785 N.E.2d 1180 (Ind. Ct. App. 2003), and *Noble v. Moistner*, 388 N.E.2d 620 (Ind. Ct. App. 1999) is misplaced. Both of those cases were decided under a prior version of T.R. 37, which required the trial court to make certain

9

Judgment affirmed.

VAIDIK, C.J., and ROBB, J., concur.

---

findings prior to the dismissing a case as a discovery sanction. The present version, however, requires only that the sanction imposed be just. *Pfaffenberger v. Jackson Cnty. Reg'l Sewer Dist.*, 785 N.E.2d 1180; T.R. 37(B)(2).