# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 06 2019, 7:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Dan J. May
Kokomo, Indiana

ATTORNEYS FOR APPELLEE
CONIFER INSURANCE CO.

Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

Ginny L. Peterson
Kightlinger & Gray, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
CITY OF KOKOMO

Caren L. Pollack
Zachary J. Stock
Pollack Law Firm, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael J. Quinn and Caroline
Quinn,

*Appellants-Plaintiffs,*

v.

Conifer Insurance Company and
City of Kokomo,

*Appellees-Defendants.*

June 6, 2019

Court of Appeals Case No.
18A-PL-2504

Appeal from the Howard Superior
Court

The Honorable Brant J. Perry,
Judge

Trial Court Cause No.
34D02-1707-PL-567

**Bradford, Judge.**

# Case Summary

[1]     Michael and Caroline Quinn (collectively, "the Quinns") filed suit against the

City of Kokomo ("the City") and Conifer Insurance Company ("Conifer"),

their homeowners insurance provider, alleging property damage and breach of

contract. Both the City and Conifer provided the Quinns with discovery

requests. The Quinns failed to respond to these requests. The City and Conifer

filed motions to compel discovery, both of which were granted by the trial

court. They each moved to dismiss the action after the Quinns again failed to

respond to the requests. Following a hearing, the trial court denied the motions

to dismiss, granting the Quinns an additional thirty days to respond to the

requests. The trial court warned the Quinns that failure to respond within the

additional thirty days could result in dismissal of the action. The City and

Conifer renewed their motions to dismiss after the Quinns failed to respond

within the time allotted by the trial court. The trial court granted the renewed motions, dismissing the action with prejudice. The Quinns subsequently filed a motion to correct error, which was denied by the trial court.

[2] On appeal, the Quinns contend that the trial court abused its discretion in granting the City's and Conifer's motions to compel. The Quinns also contend that the trial court abused its discretion in granting the renewed motions to dismiss without first holding a hearing. Concluding that the trial court did not abuse its discretion in either regard, we affirm.

# Facts and Procedural History

[3] On July 13, 2017, the Quinns filed suit against the City and Conifer, alleging that they had suffered property damage when a garbage truck operated by the City "pulled down" the electrical pole and powerlines servicing the Quinns' residence, causing a power spike that damaged their appliances and electric wiring. Conifer's App. Vol. II p. 7. The Quinns additionally alleged that Conifer breached its duty to deal with them in good faith.

## I. Facts Relating to Motions to Compel Discovery

[4] The City served discovery requests upon the Quinns on September 27, 2017. The Quinns failed to respond to the requests by the October 27, 2017 deadline. The City made attempts to informally resolve the matter with the Quinns on November 13 and December 4, 2017. These attempts were unsuccessful, leading the City to file a motion to compel on December 11, 2017. The trial

court granted the City's motion to compel on December 15, 2017, and ordered the Quinns to respond to the City's discovery requests within ten days of the order "or face sanctions." Appellants' App. Vol. II p. 17. The Quinns did not respond to the City's requests in the time set forth by the trial court.

[5] Conifer served discovery requests upon the Quinns on December 21, 2017. The Quinns failed to respond to the requests by the January 23, 2018 deadline. Conifer made attempts to informally resolve the matter with the Quinns on January 26, February 1, and February 22, 2018. These attempts were unsuccessful, leading Conifer to file a motion to compel on February 27, 2018. The trial court granted Conifer's motion to compel on March 5, 2018, and ordered the Quinns to "answer fully and without evasion" Conifer's discovery requests within twenty days of the order. Appellants' App. Vol. II p. 6. The Quinns did not respond to Conifer's requests in the time set forth by the trial court.

## II. Facts Relating to Motions to Dismiss

[6] The City filed a motion to dismiss on January 17, 2018. On February 1, 2018, Conifer moved to join the City's motion to dismiss. The trial court conducted a hearing on the motions on April 4, 2018. During this hearing, the Quinns' counsel filed an affidavit in which he stated that he had failed to comply with the trial court's orders and timely respond to the discovery requests for the following reasons: (1) counsel had suffered a subdural hematoma after falling on ice during the first week of January 2018; (2) on March 5, 2018, counsel was

forced to undergo surgery; (3) counsel had suffered from certain neurological deficits, including memory loss and issues with coordination, that impacted his ability to work; and (4) counsel had been prescribed certain medications that impacted his ability to work.[1]  Apparently persuaded by the Quinns' counsel's explanations, the trial court denied the motions to dismiss in an order dated April 10, 2018.  In denying the motions, the trial court explicitly ordered the Quinns "to respond to all discovery requests from [Conifer and the City] within 30 days" and warned the Quinns that "[f]ailure to respond to the requests may result in this cause being dismissed."  Conifer's App. Vol. II p. 36.

[7]  Conifer and the City renewed their motions to dismiss after the Quinns failed to comply with the trial court's April 10, 2018 order.  The trial court granted the renewed motions without holding a new hearing.

## III.  Facts Relating to Motion to Correct Error

[8]  On August 6, 2018, the Quinns filed a motion to correct error, arguing that the trial court was required to conduct a hearing before granting the renewed motions to dismiss and that they were prejudiced by the trial court's failure to do so.  The trial court conducted a hearing on the Quinns' motion to correct error on September 13, 2018, during which (1) counsel for the Quinns explained that he believed he had complied with the trial court's April 10, 2018 order, (2)

---

[1]  Counsel for the Quinns did not provide any explanation for his failure to comply with the trial court's orders or provide any response prior to suffering the subdural hematoma in January of 2018.

counsel for Conifer and the City indicated that they had not received adequate responses to their discovery requests and that attempts to discuss the Quinns' inadequate responses with the Quinns' counsel were unsuccessful, and (3) the trial court noted that given the Quinns' months-long delay in providing any response, it was "pretty disingenuous" for the Quinns' counsel to argue that counsel for Conifer or the City should have done more in their attempts to obtain the requested discovery. Tr. Vol. II p. 10. The trial court denied the Quinns' motion to correct error in an order dated September 17, 2018.

# Discussion and Decision

[9] The Quinns appeal following the denial of their motion to correct error. "Generally, a trial court has wide discretion to correct errors, and we will reverse only for an abuse of that discretion." *Wurster Const. Co. v. Essex Ins. Co.*, 918 N.E.2d 666, 671 (Ind. Ct. App. 2009). "An abuse of discretion occurs when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom, or is based on impermissible reasons or considerations." *Id.*

# I. Motions to Compel Discovery

[10] "The trial court is vested with broad discretion in ruling on the issues of discovery, and this court will interfere only when an abuse of discretion is apparent." *Hatfield v. Edward J. DeBartolo Corp.*, 676 N.E.2d 395, 399 (Ind. Ct. App. 1997). "We will find an abuse of discretion only when the result reached by the trial court is clearly against the logic and effect of the facts and

circumstances before the court, or the reasonable, probable and actual deductions flowing therefrom." *Id.*

## A. Whether the Trial Court Must Conduct a Hearing Prior to Granting a Motion to Compel Discovery

The Quinns argue that the trial court abused its discretion by granting Conifer's and the City's motions because the trial court was required to conduct a hearing before ruling on the motions.

> If a party refuses to allow inspection under Rule 9.2(E), or if a deponent fails to answer a question propounded or submitted under Rule 30 or 31, or an organization, including without limitation a governmental organization or a partnership, fails to make designation under Rule 30(B)(6) or 31(A), or a party fails to answer an interrogatory submitted under Rule 33, or if a party or witness or other person, in response to a request submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.
>
> If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 26(C).

Ind. R. Trial P. 37(A)(2). Contrary to the Quinns' assertion, Trial Rule 37(A) does not require that the trial court hold a hearing before ruling on a motion to compel.

[12]     The Quinns argue that our opinion in *Walker v. McCrea*, 725 N.E.2d 526 (Ind. Ct. App. 2000), "seems to indicate that a hearing on the motion to compel is required." Appellant's Br. p. 12. However, Walker discusses the Trial Rule 37(A)(4) requirement that the trial court conduct a hearing if, *after ruling on a motion to compel*, the trial court considers a request for attorney's fees or expenses. Trial Rule 37(A)(4) provides

>   If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

[13]     Given that this case does not involve a claim for fees or expenses, Trial Rule 37(A)(4) is inapposite. Further, the Quinns have pointed to no authority, and we are aware of none, indicating that a Trial Rule 37(A)(2) requires that a trial court conduct a hearing before granting a motion to compel discovery. The trial court, therefore, was not required to hold a hearing before granting Conifer's and the City's motions to compel discovery.

## B. Whether the Motions Complied with Trial Rule 26(F)

[14]     The Quinns alternatively argue that the trial court abused its discretion in granting the motions to compel because the motions did not comply with Trial Rule 26(F). Trial Rule 26(F) provides that before any party files a motion to compel discovery pursuant to Trial Rule 37, the party shall:

(1) Make a reasonable effort to reach agreement with the opposing party concerning the matter which is the subject of the motion or request; and

(2) Include in the motion or request a statement showing that the attorney making the motion or request has made a reasonable effort to reach agreement with the opposing attorney(s) concerning the matter(s) set forth in the motion or request. This statement shall recite, in addition, the date, time and place of this effort to reach agreement, whether in person or by phone, and the names of all parties and attorneys participating therein. If an attorney for any party advises the court in writing that an opposing attorney has refused or delayed meeting and discussing the issues covered in this subsection (F), the court may take such action as is appropriate.

Trial Rule 26(F).

[15] As it relates to the City's motion, the City served discovery requests upon the Quinns on September 27, 2017. The Quinns' responses were due on October 27, 2017. The Quinns did not respond. The City filed a motion to compel on December 11, 2017. The City's motion detailed attempts by the City's counsel to resolve the discovery dispute before filing the motion to compel, stating:

2. On November 13, 2017, [the City's] counsel sent correspondence to [the Quinns'] counsel, asking that he comply with the discovery requests within ten (10) days, or advise if additional time was needed to respond. No reply to that correspondence was received.

3. On or about December 4, 2017, [the City's] counsel's office spoke with Harmony at [the Quinns'] counsel's office, requesting a status update. Harmony advised she would look into the matter, but no further communication from [the Quinns']

counsel's office was received following this conversation.

> 4. As of the date of this motion, [the Quinns'] counsel has failed to comply with discovery and has made no effort to communicate with undersigned counsel regarding same.

Appellants' App. Vol. II p. 15.

[16] As for Conifer's motion, Conifer served discovery requests upon the Quinns on December 21, 2017. The Quinns' responses were due on January 23, 2018. The Quinns did not respond. Conifer filed a motion to compel of February 27, 2018. Conifer's motion detailed attempts by Conifer's counsel to resolve the discovery dispute before filing the motion to compel, stating:

> 3. On January 26, 2018, counsel for Conifer wrote to counsel for the Quinns with regard to the overdue discovery, and it advised that said correspondence served as its informal attempt to resolve the discovery matter pursuant to Indiana Trial Rule 26(F)….
>
> 4. On February 1, 2018, counsel for Conifer filed, with this Court, its Joinder to Defendant City of Kokomo's Motion to Dismiss and Motion to Expand the Dismissal to Apply to All Defendants in which paragraph 14 indicates that Conifer would be filing this Motion to Compel Plaintiffs' Responses to Defendant's Discovery Requests if the Quinns failed to respond to the aforementioned letter, dated January 26, 2018, or serve their responses to Conifer's written discovery requests by February 5, 2018.
>
> 5. The Quinns' counsel has not responded in any manner to Conifer's counsels January 26, 2018 letter or Joinder to Defendant City of Kokomo's Motion to Dismiss and Motion to expand the Dismissal to Apply to All Defendants.

6. In the evening of February 22, 2018, the undersigned counsel attempted to discuss this matter telephonically with the Quinns' counsel to alleviate the need for this Motion to Compel, and the voice mail message the undersigned counsel left for the Quinns' counsel on February 22, 2018 has not been returned.

7. As of this date, the Quinns have failed to respond to Conifer's discovery responses.

Conifer's App. Vol. II pp. 19–20.

[17] Both motions detailed the attempts by counsel for Conifer and the City to resolve the discovery disputes before requesting that the trial court compel discovery. In granting the motions to compel, the trial court found these attempts to be reasonable. The Quinns have failed to convince us that the trial court abused its discretion in this regard.

## II. Motions to Dismiss

[18] The Quinns also contend that the trial court abused its discretion by granting Conifer's and the City's renewed motions to dismiss without first holding a hearing. In seeking dismissal of the action, Conifer relied on Trial Rule 37 and the City relied on Trial Rules 37 and 41(E). The Indiana Supreme Court has indicated that a hearing should be held regardless of whether dismissal is sought under Trial Rule 37 or Trial Rule 41(E). *See Wright v. Miller*, 989 N.E.2d 324, 328 n.3 (Ind. 2013) ("[I]n light of the gravity of the sanction of dismissal, we believe that the hearing required by Trial Rule 41(E) should henceforth likewise be held when a case dismissal is sought or contemplated under Trial Rule 37.");

*see also Pfaffenberger v. Jackson Cty. Reg'l Sewer Dist.*, 785 N.E.2d 1180, 1185 (Ind. Ct. App. 2003) (recognizing that when a motion to dismiss is filed, the trial court must ordinarily conduct a hearing thereon to determine whether the requested action is justified). Thus, the trial court was required to hold a hearing before dismissing the case. Given that the trial court held a hearing on the initial motions to dismiss, the question becomes whether the trial court was required to hold a second hearing before granting Conifer's and the City's renewed motions.

[19] The trial court held a hearing on Conifer's and the City's original motions to dismiss on April 4, 2018. During this hearing, the Quinns provided an explanation for their failure to respond to the discovery requests. The trial court was apparently persuaded by the Quinns' explanation and, in an order dated April 10, 2018, denied the motions to dismiss on the condition that the Quinns would comply with the discovery requests within thirty days. In granting the Quinns the additional thirty days to respond, the trial court warned the Quinns that "[f]ailure to respond to the requests may result in this cause being dismissed." Conifer's App. Vol. II p. 36. Conifer and the City renewed their motions to dismiss after the Quinns failed to comply with the trial court's April 10, 2018 order. The trial court granted the renewed motions without holding a new hearing.

[20]     The Quinns effectively argue that the trial court was required to hold a new hearing before granting the renewed motions to dismiss.[2] We cannot agree given that the Quinns were given ample opportunity to provide an explanation of their failure to comply with the court orders requiring them to respond to the discovery requests. The Quinns' counsel provided an explanation that seemed to have persuaded the trial court during the April 4, 2018 hearing, resulting in denial of Conifer's and the City's original motions and the trial court awarding the Quinns additional time to respond to the discovery requests. The Quinns did not, at any time after the April 10, 2018 order, indicate to the trial court that they would not be able to comply with the court's order within the time provided by the court or request additional time to do so. The Quinns' failure to comply with the trial court's order came after being made aware that noncompliance could result in the dismissal of their case.

[21]     Trial Rule 41(E) provides that "[d]ismissal may be withheld … subject to the condition that the plaintiff comply with these rules and diligently prosecute the action[.]" The trial court's April 10, 2018 order effectively withheld dismissal subject to the condition that the Quinns respond to the discovery requests within thirty days. Nothing in Trial Rule 41(E) indicates that the trial court is

---

[2] In arguing that the trial court abused its discretion by failing to hold a hearing on the motions to dismiss, the Quinns failed to mention in their appellate brief that the trial court held a hearing on the original motions on April 4, 2018, leaving the reader with the inaccurate impression that the trial court had failed to hold any hearings on the issues raised in the renewed motions to dismiss. We take this opportunity to remind the Quinns' counsel of his duty of candor to the court and the importance of including accurate representations of the record in appellate filings.

required to hold another hearing prior to dismissing the action if the court's condition is not met. We believe that the April 4, 2018 hearing satisfied the requirement for a hearing.

[22] Further, we acknowledge that under some circumstances, failure to hold a hearing does not constitute reversible error. *See Pfaffenberger*, 785 N.E.2d at 1187; *see also generally Caruthers v. State*, 58 N.E.3d 207, 214 n.7 (Ind. Ct. App. 2016) (recognizing that there may be circumstances where the trial court's dismissal of an action without satisfying Trial Rule 41(E)'s hearing requirement will not constitute reversible error). The Quinns also failed to demonstrate that they were prejudiced by the trial court's failure to hold a hearing on the renewed motions to dismiss during a September 13, 2018 hearing on their motion to correct error. The Quinns failed to explain what new information they would have presented during a hearing on the renewed motions to dismiss or why they failed adequately respond to the discovery requests by the trial court's thirty-day deadline. Considering the record as a whole, we conclude that even if the better practice would have been for the trial court to hold a second hearing, the circumstances of this case are such that the trial court's failure to do so did not constitute reversible error. The trial court, therefore, did not abuse its discretion by granting Conifer's and the City's renewed motions to dismiss without holding a second hearing.

[23] The judgment of the trial court is affirmed.

Crone, J., concurs.

Tavitas, J., concurs in part and dissents in part with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Michael J. Quinn and Caroline Quinn,

*Appellants-Plaintiffs,*

v.

Conifer Insurance Company and City of Kokomo,

*Appellees-Defendants.*

[Add Hand-down date]

Court of Appeals Case No. 18A-PL-2504

Appeal from the Howard Superior Court

The Honorable Brant J. Perry, Judge

Trial Court Cause No. 34D02-1707-PL-567

**Tavitas, Judge, concurring in part and dissenting in part.**

[1] I concur with the majority's discussion of the motions to compel discovery. I disagree, however, with the majority's discussion of the motions to dismiss.

[2] I acknowledge the trial court's and Defendants' frustration with the Quinns' failure to comply with the discovery rules. Indiana Trial Rule 41(E), however, requires the trial court to hold a hearing prior to dismissing a case for failure to prosecute or comply with the rules. Our Supreme Court has repeatedly emphasized the need for such hearings. *See, e.g., Rumfelt v. Himes*, 438 N.E.2d 980, 983-84 (remanding for a hearing on the Trial Rule 41(E) motion); *Wright v.*

*Miller*, 989 N.E.2d 324, 328 n.3 (Ind. 2013) ("[W]e believe that the hearing required by Trial Rule 41(E) should henceforth likewise be held when a case dismissal is sought or contemplated under Trial Rule 37."). Even though the trial court here held a hearing regarding Defendants' first motions to dismiss, the trial court failed to hold a hearing regarding Defendants' second motions to dismiss.[3]

[3] The majority concludes that a hearing was not required because the trial court "effectively withheld dismissal" when it denied the first motions to dismiss. Indiana Trial Rule 41(E) provides: "Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution." The trial court's order on the first motions to dismiss, however, did not purport to "withhold" dismissal; rather, the order provides:

> 1. The Defendants have moved to dismiss this action as a result of the Plaintiff's failure to comply with discovery in this matter.
>
> 2. The Defendants' Motion to Dismiss is DENIED.

---

[3] In fact, one of the Defendants, the City, requested a hearing in its second motion to dismiss. Neither of Defendants' motions were verified.

3. The Plaintiff is ordered to respond to all discovery requests from the Defendants within 30 days. Failure to respond to the requests may result in this cause being dismissed.

Appellee's App. Vol. II p. 36.

[4] The trial court did not withhold judgment or take the matter under advisement. The trial court simply denied Defendants' first motions to dismiss and ordered the Quinns to respond to discovery requests. The trial court noted that the cause "may" be dismissed if the Quinns failed to respond, not that the cause "would" be dismissed. The Defendants then characterized their second motions to dismiss as "renewed" motions. The rules, however, do not provide for "renewed" motions to dismiss, and I believe it is inappropriate to characterize the motions in this way. Under these circumstances, I conclude that a hearing was required on the second motions to dismiss.

[5] Finally, the majority holds that the Quinns were not prejudiced by the failure to hold a hearing. In *Rumfelt*, 438 N.E.2d at 983-84, our Supreme Court held that prejudice was presumed by the failure to hold such a hearing. The *Rumfelt* court relied on *Otte v. Tessman*, 426 N.E.2d 660, 662 (Ind. 1981), which held:

> If the failure to obey the clear explicit dictates of the Indiana Rules of Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun. If the clear, explicit meaning of the Indiana Rules of Procedure can be re-written by judicial opinion to avoid the consequence of a violation, then, the shroud of confusion will prevent any meaningful, just and predictable solution to those disputes which must be resolved in our courts.

*Otte*, 426 N.E.2d at 662 (quoting Judge Staton's dissent in *Otte v. Tessman*, 412 N.E.2d 1223, 1232 (Ind. Ct. App. 1980)). Based on our Supreme Court's holdings in *Rumfelt* and *Otte*, I conclude that the failure to hold a hearing was not harmless error. I would reverse and remand for a hearing on Defendants' second motions to dismiss.